JOHN I. BEATTIE & another *vs.* RAYMOND O. SWANSON & others.

Middlesex.    May 6, 1971. — June 30, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, QUIRICO, & BRAUCHER, JJ.

*Way*, Private: fee of way. *Equity Pleading and Practice*, Answer, Appeal.

Findings by a master in a suit in equity that the owners of an extensive tract of land under development intended to retain ownership of the fee in a "proposed street" shown on a recorded plan when they conveyed a numbered lot bounded "northeasterly by . . . |the] proposed street," and not to give the grantees of the lot a fee to the middle of the street, were warranted where it appeared that the numbered lot was north of the developed area of the tract, that at the time of such conveyance the owners held undeveloped land west and north of the numbered lot, that in the year prior to such conveyance they had conveyed land east and north of the numbered lot and given the grantees thereof a right of way running contiguous to the northeasterly side line of the numbered lot, and that retention of title to the "proposed street" by the

owners was necessary for their development of their land beyond the numbered lot. [51–53]

Allegations set forth in the bill in a suit in equity which the defendants in their answers neither admitted nor denied were not to be accepted as true in the absence of a motion to have such answers taken as confessed. [53]

Upon appeal from the final decree in a suit in equity, the appellants could not raise a procedural contention for the first time. [53]

BILL IN EQUITY filed in the Superior Court on June 6, 1969.

The suit was heard by *Leen,* J., on a master's report.

*John C. Collins* for John I. Beattie & another.

*Edward T. Bigham, Jr.,* for Salve J. Casella, trustee.

*Francis E. Jenney* for Raymond O. Swanson & another.

TAURO, C.J. This is a bill for declaratory relief under G. L. c. 231A in which the plaintiffs ask the court to determine the ownership of a parcel of land, now part of a paved street.[1] The case was referred to a master and following confirmation of his report the Superior Court entered a final decree declaring the defendant Salve J. Casella, trustee, to be the owner in fee of the disputed property. The plaintiffs appeal.

The material facts are summarized. In early 1951 Ernest E. and Lura M. Smart owned an extensive plot of land in Waltham, shown on a "Plan of Lands on Worcester Lane, Waltham, Mass." which had been recorded in 1949. On March 1, 1951, they conveyed a portion of this land, "shown as Lot 15" on the plan, to Paul F. Bergin and Jane V. McNamara. On July 18, 1951, Jane V. McNamara conveyed her interest in lot 15 to Paul F. Bergin who in turn, on October 15, 1954, conveyed the lot to the plaintiffs John I. and Mary S. Beattie. The description in all conveyances bounded the lot "northeasterly by a proposed street, as shown on said plan . . . and easterly by a curved line forming the intersection of said proposed street and

---

[1] The bill was not brought until approximately one year after completion of the street.

Worcester Lane," the reference being to the 1949 plan described above.

The plaintiffs rest their case on the rule of construction that ". . . the mention of a way as a boundary in a conveyance of land is presumed to mean the middle of the way, if the way belongs to the grantor." *Murphy* v. *Mart Realty of Brockton, Inc.* 348 Mass. 675, 679–680. *Brassard* v. *Flynn,* 352 Mass. 185, 188. However, that case went on to say, "Notwithstanding the presumption, the basic question is always to ascertain the intent of the parties as manifested by the written instrument and the attendant circumstances." Our decisions indicate steady adherence to the observation by Mr. Justice Holmes in *Crocker* v. *Cotting,* 166 Mass. 183, 185, that the rule granting a fee to the middle of a way or a proposed street is "not an absolute rule of law irrespective of manifest intention . . . but is merely a principle of interpretation . . . ." *Erickson* v. *Ames,* 264 Mass. 436, 444. *Suburban Land Co. Inc.* v. *Billerica,* 314 Mass. 184, 189–190. *Murphy* v. *Mart Realty of Brockton, Inc.* 348 Mass. 675, 679–680.

The conclusion of the master on the question of intent and the findings on which they were based are as follows. As of March, 1951, Ernest E. and Lura M. Smart owned, in addition to the lot subsequently conveyed to the plaintiffs, land surrounding this lot on three sides including an additional area of sixteen acres in extent lying west and north of the Beatties' lot, and an additional eight and one-half acre tract to the north and east of the Beatties' lot. At that time this land was undeveloped. By deed dated June 2, 1950, recorded July 7, 1950, the Smarts conveyed the eight and one-half acre tract to Melvin L. and Alice C. Downing, making no mention of any interest in the "proposed street" at that time. Subsequently, by deed dated August 21, 1950, recorded September 21, 1950, the Smarts granted to the Downings "[a] right-of-way twenty-five (25) feet in width over land of the grantors and along land of the grantees." The plan recorded at the same time as the deed shows this twenty-five foot right-of-way extending over the land of the

Smarts for a distance of 526 feet to Worcester Lane, running contiguous to the southwesterly side line of lot 16 and the northeasterly side line of lot 15. The deed from the Smarts to Bergin and McNamara through whom the plaintiffs obtained title was dated March 1, 1951, after the conveyance of this right-of-way.

On these facts a finding was justified that the Smarts manifested an intent that the ownership of the fee in the "proposed street" was to remain in them. Bergin, and later the Beatties, reasonably should have been aware that the Smarts would have to retain title to the proposed way in order to proceed with the development of the large area of land beyond their lot. The Smarts were both the owners and developers of the land and it would be contrary to common sense for Bergin, one of the original purchasers of lots north of the developed area, to believe that no other property was to be developed that would require the use of the "proposed street" for access. The right-of-way granted the Downings, which was recorded before the date of the deed from the Smarts to Bergin and McNamara, makes it clear that the ownership of the land within the "proposed street" and extending beyond into the undeveloped part of the property was to remain with the Smarts.

The defendant Salve J. Casella, trustee, was successor of record to the rights of the Smarts to the fee in the "proposed street."

The plaintiffs now argue for the first time the fact that the defendants in their answers neither admitted nor denied several allegations set forth in the plaintiffs' bill. However, such allegations are not to be accepted as true for want of a specific answer in the absence of a motion to have such answer taken as confessed. Moreover the plaintiffs cannot raise this contention for the first time on appeal. *Westfield Sav. Bank* v. *Leahey*, 291 Mass. 473.

*Decree affirmed.*