ROBERT F. BOYNTON, executor, & another[1] vs.
EDWARD S. BUCHANAN & others.[2]

Suffolk.    October 14, 1981. — December 22, 1981.

Present: GREANEY, PERRETTA, & KASS, JJ.

*Joint Enterprise.  Agency,* Liability of agent.  *Damages,* Obstruction of
easement.

In a proceeding in the Land Court seeking damages for disruption of an
easement and restoration of the easement, evidence supported the
judge's finding that one of the parties to a joint venture for the devel-
opment of certain land had abandoned the venture by selling his inter-
est and consequently was not liable to the plaintiffs.  [823-824]
The fact that a contractor hired by a trust to finish road work in a subdivi-
sion was acting as the agent of the trust would not insulate the con-
tractor from liability for obstructing an easement.  [824]
Although the judge in a proceeding seeking damages for disruption of an
easement did not specify how he had calculated compensatory dam-
ages, this court did not disturb the award of damages where there was
evidence that disruption of the easement caused the plaintiffs loss of
rent in an amount approximating the damages awarded by the judge.
[824-825]
A judgment in a proceeding seeking damages for disruption of a right of
way easement was ambiguous in so far as it offered the plaintiffs an
election between restoration of the right of way to passable condition
or, alternatively, a conveyance by the defendants of a new easement
with a monetary payment by them as consideration for release of the
original easement, and this court remanded the case for further find-
ings of fact after such evidentiary hearings as the judge might deem
appropriate.  [825-826]

CIVIL ACTION commenced in the Land Court Department
on February 8, 1979.

[1] Frederick H. Boynton.

[2] Donald R. Stivaletta, individually and as a trustee, Leo H. Swartz, in-
dividually and as a trustee, and Thomas Robinson.

The case was heard by *Randall,* J.

*Alan Altman* for the plaintiffs.

*Marshall F. Newman* for Leo H. Swartz.

*Robert Avrom Goldberg,* for Thomas Robinson, submitted a brief.

*Peter S. Terris & David R. Rodgers,* for Edward S. Buchanan, submitted a brief.

KASS, J.   Judgment entered in the Land Court against the defendants, Donald R. Stivaletta and Leo H. Swartz, ordering payment of $15,000 on account of damages resulting from disruption of an easement and ordering restoration of that easement so that it could again be used by the plaintiffs.   Cross appeals have been filed: (1) by the plaintiffs because judgment was not entered against the two remaining defendants, Edward S. Buchanan and Thomas Robinson; and (2) by the defendant Swartz on the ground that the evidence did not support compensatory damages or restoration of the easement.

The judge made detailed findings, which shall not be set aside unless clearly erroneous.   Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974).   *Building Inspector of Lancaster* v. *Sanderson,* 372 Mass. 157, 160-161 (1977).   *C.C. & T. Constr. Co.* v. *Coleman Bros.,* 8 Mass. App. Ct. 133, 135 (1979).

1. *Buchanan.*   Although Buchanan was a party to a joint venture for the development of certain land in Newton, there was evidentiary support for the judge's finding that Buchanan abandoned the venture by selling all his interest to the trustees of the Esty Farm Estates Trust (Trust).   Of that trust Buchanan was neither a trustee nor a beneficiary.   The evidence did not compel a finding that the Trust was a sham.   Compare *Lawless* v. *Melone,* 350 Mass. 440, 442-443 (1966).   Buchanan appears to have had no share in the profits of the development nor joint interest in particular assets.   *Air Technology Corp.* v. *General Elec. Co.,* 347 Mass. 613, 625 (1964).   *Eastern Elec. Co.* v. *Taylor Woodrow Blitman Constr. Corp.,* 11 Mass. App. Ct. 192, 196-199 (1981).   His role as president of the savings bank

which financed construction undertaken by the Trust did not make Buchanan a joint venturer with the Trust, *Patriot Gen. Life Ins. Co.* v. *CFC Inv. Co.*, 11 Mass. App. Ct. 857, 860 (1981), although it gave him some control over the application of loan funds.

2. *Robinson.* Robinson was a contractor hired by the Trust to finish road work in the Trust's subdivision in accordance with a subdivision plan approved by the planning board of the city of Newton. The judge found that Robinson performed his work in "exemplary fashion" and that he acted as "the agent of the Esty Farms Estate Trust . . . under their direction." His status as an agent does not insulate Robinson from liability for obstructing the plaintiff's easement, a right of way, even though he acted "in accordance with the instructions of his principal, the Trust." Restatement, Agency §§ 343 and 348A (1958). See *Somers* v. *Osterheld*, 335 Mass. 24, 28 (1956). Cf. *Coe* v. *Ware*, 271 Mass. 570, 573 (1930); *Maxwell* v. *Ratcliffe*, 356 Mass. 560, 562-563 (1969).

It is not clear from the judge's findings whether his conclusion that Robinson was not liable to the plaintiffs was also based on a determination that the obstacles to use of the plaintiffs' easement existed before Robinson began his work. There is evidence in the record that certain grade changes and the placement of obstructing granite curbs and rubble had occurred earlier. Clarification of the judge's findings on this issue is necessary.

3. *Damages.* On appeal, the defendant Swartz first challenges that portion of the judgment which requires him and his codefendant to pay $15,000 in damages as compensation for disruption of a water line running to the plaintiffs' property and for blocking the plaintiffs' right of way. It is not at all clear how the judge arrived at his figure of $15,000. There was evidence that before the disruption of the water line, the plaintiffs' house had been rented for $315 per month and that after the disruptions, the house became unrentable. The judge found the water service had been cut off in 1977. This would have justified the judge in concluding

that there was some forty-eight months of lost rent, a figure which would approximate $15,000. The lessened rental value of the plaintiffs' property while the injury continued is the appropriate measure of damages — assuming the injury, here the disruption of the easement, is ultimately to be remedied. *Sturtevant* v. *Ford*, 280 Mass. 303, 317-318 (1932). *Belkus* v. *Brockton*, 282 Mass. 285, 288 (1933). While it would have been better if the judge had not left us to speculate as to how he calculated the compensatory damages, we are not inclined to disturb his determination since there is some basis in the record for it.

The second part of the judgment offered the plaintiffs an election: (1) to insist on restoration of the right of way to a condition which makes it passable; or (2) to take an easement for a right of way for all purposes in the new roads which the Trust built in connection with its subdivision. Were the plaintiffs to elect the second alternative, they were to receive an additional $15,000 in consideration of the release of their original easement. Several things are wrong with that portion of the judgment. First, the judgment does not establish a deadline by which the plaintiffs shall exercise their election. Compare *Gray* v. *Howell*, 292 Mass. 400, 404-405 (1935). Accordingly, the judgment is not "as definite and certain as the circumstances allow." *Building Commr. of Medford* v. *C. & H. Co.*, 319 Mass. 273, 284 (1946). Nor is it clear how the easement may be restored. We suppose it can be done by bringing the right of way north of the cul-de-sac to the same grade as the cul-de-sac. Presumably the judge did not intend that the cul-de-sac, which is built to planning board requirements, be torn up and altered, but the judgment is ambiguous on this score.

The alternative which the judgment affords of permitting the plaintiffs to elect a substituted right of way over the newly built system of roads in the subdivision is practical, but we do not know from the record if it is still in the power of the defendants Stivaletta and Swartz, as trustees of the Trust, to grant the substitute easement. They appear to have conveyed to third parties many of the lots in the sub-

division and they may have no rights to give in the new roads. The judge observes that access would be available if the city of Newton were to accept the new streets as public streets, but that the city is not inclined to do so until the original right of way (which crosses the cul-de-sac) is released. The answer may lie in a release of the original easement conditioned upon the acceptance of the new street system by Newton, with the street acceptance and release to be simultaneously recorded.

Finally the defendant Swartz objects that there is no foundation in the record for the judge's determination that the fair value of the original easement, should it be released, is $15,000. We are obliged to agree. Possibly the judge used the cost of tying the plaintiffs' house to the utilities in the new street system, but the figure requires explanation, and, possibly, further evidence unless the parties agree on an appropriate figure.

So much of the judgment as, in effect, relieves Buchanan of liability and assesses damages of $15,000 against Stivaletta and Swartz as compensation for disruption of the plaintiffs' right of way is affirmed. The remainder of the judgment, i.e., the determination, in effect, that Robinson had no liability and the order for restoration of the easement or the grant of a substitute easement, together with payment of damages, is reversed, and the case is remanded for further findings and modification of the judgment consistent with this opinion. Whether further evidentiary hearings are appropriate shall be within the discretion of the Land Court judge.

*So ordered.*