WILLIAM A. HAHN & others[1] vs. PLANNING BOARD OF
STOUGHTON; SALVATORE B. SIMEONE & others,[2]
trustees, interveners.

Norfolk.    April 2, 1987. — July 30, 1987.

Present: BROWN, PERRETTA, & DREBEN, JJ.

*Jurisdiction,* Subdivision control. *Notice,* Timeliness. *Planning Board.*
*Practice, Civil,* Zoning appeal, Complaint, Amendment. *Subdivision*
*Control,* Decision of planning board, Appeal. *Easement. Real Property,*
Easement, Removal of material.

The Superior Court was not deprived of jurisdiction of an appeal under
G. L. c. 41, § 81BB, from the disapproval by a town's planning board
of a subdivision plan on the ground of inadequate notice because there
was no showing that the town clerk recorded a notice of the appeal
where, although the appealing parties were obliged to ensure timely
receipt of notice of such appeal by the town clerk, it was the town
clerk's obligation to record the notice. [554-555]
In an action under G. L. c. 41, § 81BB, by a number of a town's residents
to annul the town planning board's approval of a subdivision plan, the
judge correctly ruled that an alleged easement across the property did
not preclude such approval. [555-556]
A judge did not abuse his discretion in a civil action in denying plaintiffs'
two motions to amend their complaint where the motions to amend,
filed after a hearing on the plaintiffs' motion for summary judgment,
were untimely, and, in addition, the first amended complaint stated no
claim of substance. [556-558]

CIVIL ACTION commenced in the Superior Court Department
on September 9, 1985.

The case was heard by *George N. Hurd, Jr.,* J., on a motion
for summary judgment.

*William A. Hahn* for the plaintiffs.

---

[1] Thirteen other residents of the town of Stoughton.

[2] Benjamin A. Simeone, Jr., and Maria J. Luongo. We shall refer to the
interveners as the developer.

*Nancy R. Isikoff* for Salvatore B. Simeone & others, interveners.

*Elizabeth A. Lane* for the Planning Board of Stoughton.

DREBEN, J. The plaintiffs brought this action (G. L. c. 41, § 81BB) against the planning board (board) to annul its decision approving the intervener-developer's subdivision plan. A judge of the Superior Court allowed the developer's motion for summary judgment and determined, pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), that there was no just reason for delay. Judgment entered affirming the decision of the board. This appeal followed. The plaintiffs claim (1) that the judge erred in not ruling that an easement, alleged by the plaintiffs to be held by the town, precluded approval of the subdivision and (2) that the judge abused his discretion in not allowing the plaintiffs' two motions to amend their complaint. We affirm.

1. We first dispose of the claim raised by the developer in its cross appeal that the Superior Court lacked jurisdiction because inadequate notice of the plaintiffs' appeal to the Superior Court was filed in the town clerk's office. The developer relies on the fact that there is no showing that the town clerk recorded a notice of the plaintiffs' appeal.

The developer misconstrues *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket,* 5 Mass. App. Ct. 206, 211 (1977). While the plaintiffs must, pursuant to G. L. c. 41, § 81BB, as amended through St. 1982, c. 533, § 2, give "notice of such appeal" to the town clerk and must make sure that such notice is received within the twenty-day period set out in that provision, it is the obligation of the town clerk, and not the plaintiffs, to record the notice. The town clerk has the duty to maintain the records of the town. See G. L. c. 41, § 15. Section 81BB imposes no requirement on the plaintiffs with respect to notice other than to ensure that the notice is timely received. Otherwise, a person aggrieved by a decision of the board could be prevented from filing an appeal by the town clerk's failure to record the notice. Such a construction would defeat the legislative grant of the right of appeal. See *Capone* v. *Zoning Bd. of Appeals of Fitchburg,* 389 Mass. 617, 623 (1983). "The failure to comply with statutory directions by a

public official over whom the appealing party has no control does not defeat the jurisdiction of the tribunal." *Richardson* v. *Zoning Bd. of Appeals of Framingham,* 351 Mass. 375, 378 (1966).

2. The plaintiffs proffer a number of challenges to the board's action based on an alleged easement held by the town in a "road to Muddy Pond."[3] There were conflicting affidavits as to the existence of the easement.[4] We need not recount the substance of the affidavits because the existence or nonexistence of the easement does not in this case undercut the decision of the board.

As noted by one of its members, the planning board is not authorized to determine the existence of easements or to settle other property disputes. See *Holliston Sportsmen's Assn.* v. *Planning Bd. of Holliston,* 15 Mass. App. Ct. 977, 978 (1983);[5] *Lett* v. *Caromile,* 510 A.2d 958, 961 (R.I. 1986). See also *Friends of the Shawangunks, Inc.* v. *Knowlton,* 64 N.Y.2d 387, 392, 394 (1985). See generally 4 Rathkopf, Law of Zoning and Planning § 57.02 at 57-3 (1987); 3 American Law of Property § 12.102 (Casner ed. 1952). Thus, the board's action does not affect the status of any easement the town may have. In addition, the alleged easement does not appear to conflict with the subdivision. The only indication in the record as to the possible effect of the easement is that it crosses nine of the ninety-six lots of the proposed plan and that under "[p]resent engineering advice . . . all the lots can be used."

---

[3] No document of record showed an easement in the town, and town counsel denied the easement's existence. The developer's deed was made subject "to a road to Muddy Pond, Stoughton Water Works as shown on [a] plan."

[4] The plaintiffs' standing to raise this issue has not been contested. For purposes of this appeal we assume, without deciding, that they have such standing.

[5] The record in *Holliston,* of which we may take judicial notice, *O'Neill* v. *Mencher,* 21 Mass. App. Ct. 610, 613 (1986), indicates that one of the matters which was held not to be within the competence of the planning board was the adjudication of property rights.

Contrary to the plaintiffs' contention, the developer is a proper applicant even if the easement is in full force. General Laws c. 41, § 81L, as amended through St. 1961, c. 331, defines a subdivision "applicant" as an "owner or his agent . . . ." *Kuklinska* v. *Planning Bd. of Wakefield,* 357 Mass. 123, 129 (1970). The board's regulations define the "owner" as the individual or individuals "holding title . . . as shown by the record" in the appropriate registry of deeds. The developer is the record title holder and, therefore, may apply for subdivision approval. See and compare *Kuklinska* v. *Planning Bd. of Wakefield, supra* at 129.

The board's regulations require that existing rights of way and easements, as well as the purpose of any easement, be shown on any submission. It is apparent from the affidavits that the omission of the alleged easement was based on the developer's position that the easement did not exist. The submitted plan indicated what appeared "on the ground," namely, a cart path or gravel road.

There was here no intention to deceive the board. The discussion at the public hearing makes clear that the board was fully aware of the alleged easement prior to its action approving the subdivision plan. If and when the easement is shown to exist, persons having standing to prevent obstruction of the easement will have ample opportunity to protect their rights. See *Boynton* v. *Buchanan,* 12 Mass. App. Ct. 822, 824 (1981). There is here no showing in the record of a violation of either the letter or the spirit of the board's regulations. Even if we assume the existence of the easement, there is no reason to question the board's implicit determination that the disclosure made at the hearing was sufficient. See G. L. c. 41, § 81R (board may waive strict compliance with its rules and regulations).

3. The remaining challenges to the board's action are made under legal theories first appearing in the plaintiffs' two proposed amended complaints. There was no abuse of discretion in the denial of the plaintiffs' motions to amend. Not only could the judge consider that the first motion to amend, which was filed after the hearing on the plaintiffs' motion for summary

judgment, was too late, but he could also determine that the first amended complaint stated no claim of substance. Indeed, the judge in denying the motion wrote, "I find proposed amendment immaterial if not frivolous."

The plaintiffs sought to prove that the developer was not the owner because of a fraudulent violation of G. L. c. 183, § 6, as appearing in St. 1969, c. 497, in that the deed did not recite the full consideration. The statute, itself, however, precludes this claim. It specifically states that "[f]ailure to comply with this section shall not affect the validity of any deed."

The proposed first amended complaint would have alleged that the subdivision plan should have been disapproved on principles of issue preclusion because the plan involved substantial gravel removal previously deemed to be dangerous by various town agencies. The earlier denials of the right to remove gravel do not, however, prevent subdivision approval, even if gravel must be removed to effect the subdivision. The issues to be considered in granting a permit to remove gravel differ from the issues relevant in a proceeding for subdivision approval. Moreover, nothing in the record suggests that if gravel must be removed a permit will not be needed. See *Glacier Sand & Stone Co.* v. *Board of Appeals of Westwood,* 362 Mass. 239, 241-242 (1972); *M. DeMatteo Construction Co.* v. *Board of Appeals of Hingham,* 3 Mass. App. Ct. 446, 461 (1975). See also G. L. c. 40A, § 16, suggesting that renewed consideration of the application is available.

The plaintiffs' reliance on the general language of G. L. c. 41, § 81M, to find an abuse of discretion by the board is also misplaced. See *Pieper* v. *Planning Bd. of Southborough,* 340 Mass. 157, 163-164 (1959). See also *Baker* v. *Planning Bd. of Framingham,* 353 Mass. 141, 144-145 (1967).

The proposed second amended complaint is not reproduced in the record appendix. Accordingly, we need not consider the judge's refusal to allow it. See *Zedros* v. *Hudson,* 11 Mass. App. Ct. 1007, 1008 (1981). We note only that the late date of the amendment suggests that the judge acted well within his discretion.

4. The remaining issues raised by the plaintiffs are without merit.

*Judgment affirmed with double costs.*