ARTHUR SILVA vs. PLANNING BOARD OF SOMERSET;
JOSEPH CABRAL & another,[1] interveners.

No. 91-P-1293.

Bristol. January 15, 1993. - April 20, 1993.

Present: KASS. GILLERMAN. & PORADA, JJ.

*Subdivision Control*, Plan, Planning board, Regulations, Decision of plan-
ning board, Frontage on public way. *Planning Board. Waiver. Way*,
Public: subdivision control. *Zoning*, Variance.

In an action challenging a planning board's approval of a subdivision plan,
the judge erred in ruling that the plaintiff was not a record owner of a
portion of the premises (part of a street) under the proposed plan,
where the plaintiff's claim of ownership to the center line of the street
under G. L. c. 183, § 58(*a*)(*ii*), was supported by facts not in dispute;
as a consequence the board's approval was a nullity because the plain-
tiff was not listed as a record owner of the premises on the plan and did
not join in the application for approval of the subdivision, as required
by applicable planning board regulations. [341-343]
A planning board had no authority to waive the terms of a variance where
the waiver was inconsistent with the intent and purpose of the Subdivi-
sion Control Law. [343-345]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 20, 1989.

The case was heard by *John M. Xifaras*, J.

*Carol A. Helliwell* for the plaintiff.

*John Silvia, Jr.*, for the interveners.

*Clement Brown* for the Planning Board of Somerset.

PORADA, J. In this appeal from a judgment of the Supe-
rior Court affirming the approval of a two-lot subdivision by
the planning board of Somerset (planning board), only two
issues are presented: (1) whether the plaintiff owned part of
the proposed street shown on the subdivision plan and (2)

[1]Catherine Cabral.

whether the planning board in approving the subdivision plan had the power to waive a condition imposed by the town's board of appeals for the issuance of a variance for the premises. The Superior Court judge found that the plaintiff did not own any portion of the proposed street and that the planning board could waive the condition imposed by the board of appeals for the grant of a variance. We reverse and remand the case for entry of a new judgment annulling the decision of the planning board.

We summarize the facts, which are not in dispute. The plaintiff acquired title to his property in 1960 by a deed from Louis H. and Grace A. Cadorette. His deed described his easterly boundary as follows: "thence running Northerly by the Westerly line of another contemplated street Eighty (80) feet to a point." At the time of the conveyance to the plaintiff, the Cadorettes retained other land on the same side as well as the opposite side of the contemplated street. In 1980, Grace Cadorette, as the surviving joint tenant, conveyed this land to Roland J. Martelly. The metes and bounds of the deed description in this conveyance did not include the strip of land, 100 feet by forty feet, abutting the easterly boundary line of the plaintiff's property and referred to as the contemplated street in the plaintiff's deed. Roland J. Martelly then conveyed that portion of the land which lay on the opposite and same side of the contemplated street abutting plaintiff's property to Joseph and Catherine Cabral, the interveners. The Cabrals applied for a variance in 1985 to construct a house on this land, because the tract contained only about forty-two feet of frontage on a public way. The board of appeals granted a variance for this purpose but imposed as a condition of its grant that the Cabrals leave "as is" on the tract an existing tree buffer zone, which was shown on a plan accompanying the decision of the board of appeals.

After the Cabrals built a house on the premises, they filed an application to subdivide the property conveyed to them by Martelly. The plan depicted two lots, A and B, and a proposed street whose location matched that of the contemplated street referred to in the plaintiff's deed description.

The proposed street ran along the entire easterly boundary and part of the southerly boundary of the plaintiff's premises. The street was 100 feet in length and forty feet in width with an L-shaped turnaround twenty feet in width and sixty feet in length. The L-shaped turnaround included part of the tree buffer zone which was to be maintained by the Cabrals as one of the conditions for the grant of their variance, but the location and extent of the zone was unclear. The Cabral house was located on Lot A; Lot B was vacant.

The planning board approved the plan. The plaintiff, aggrieved by the decision, appealed to the Superior Court pursuant to G. L. c. 41, § 81BB. After a hearing, the judge remanded the case to the planning board for additional findings relating to the location of the tree buffer zone and whether it had waived its regulation requiring compliance with zoning variances. Upon rehearing, the judge affirmed the board's approval of the plan, and this appeal ensued.

1. *Ownership of the street.* Claiming ownership in part of the proposed street shown on the subdivision plan, the plaintiff contends that the board's approval of the subdivision was a nullity because he was not listed as a record owner of the premises on the plan and did not join in the application for approval of the subdivision. The board's regulations required the subdivider to be the owner or his agent (see Somerset planning board Rules and Regulations Governing the Subdivision of Land § II A, definition of "subdivider" [1974]) and the plan to identify the record owners of the site (Somerset planning board regulation § III B 2.b). Noncompliance with similar regulations has been determined to be a justification for invalidating a planning board's approval of a subdivision plan. *Kuklinska* v. *Planning Bd. of Wakefield*, 357 Mass. 123, 129 (1970). *Batchelder* v. *Planning Bd. of Yarmouth*, 31 Mass. App. Ct. 104, 106-107 (1991). A planning board may, however, waive strict compliance with its regulations, provided such waiver "is in the public interest and not inconsistent with the intent and purpose of the subdivision control law." G. L. c. 41, § 81R, as appearing in St. 1953, c. 674, § 7. *Hahn* v. *Planning Bd. of Stoughton*, 24 Mass. App. Ct.

553, 556 (1987). In *Batchelder*, we held, however, that the planning board could not waive its regulation requiring the record owner to be the applicant for plan approval because the waiver would undermine a means of achieving a principal objective of the Subdivision Control Law — securing from the owner of record a covenant in order to ensure installation of adequate municipal services. *Batchelder* v. *Planning Bd. of Yarmouth*, 31 Mass. App. Ct. at 108-109. However, in this case, unlike the *Batchelder* case, where the abutter challenged the applicant's title to the entire locus, the plaintiff claims an interest only in the proposed street. Even if the plaintiff owns a fee simple interest in the proposed street, at the very least the Cabrals as grantees of land abutting the proposed street would have an easement in the way and the right to make reasonable improvements in the way without the consent of the plaintiff. *Murphy* v. *Mart Realty of Brockton, Inc.*, 348 Mass. 675, 677-679 (1965). *LeBlanc* v. *Board of Appeals of Danvers*, 32 Mass. App. Ct. 760, 764 n.7 (1992). Whether in these circumstances the planning board could waive compliance with this regulation is an issue that we need not address, because there is nothing in the record which indicates that the planning board's approval of the plan was based on a conscious waiver of this regulation or upon its rejection of the plaintiff's claim of an ownership interest in the proposed street. See *Meyer* v. *Planning Bd. of Westport*, 29 Mass. App. Ct. 167, 169-172 (1990).

Based on G. L. c. 183, § 58,[2] the plaintiff claims ownership to the centerline of the proposed street. There is no question

---

[2]General Laws c. 183, § 58, as appearing in St. 1990, c. 378, § 1, provides in pertinent part: "Every instrument passing title to real estate abutting a way, whether public or private, . . . shall be construed to include any fee interest of the grantor in such way, . . . unless (*a*) the grantor retains other real estate abutting such way . . . , in which case, (*i*) if the retained real estate is on the same side, the division line between the land granted and the land retained shall be continued into such way . . . as far as the grantor owns, or (*ii*) if the retained real estate is on the other side of such way . . . between the division lines extended, the title conveyed shall be to the center line of such way . . . as far as the grantor owns, or (*b*) the instrument evidences a different intent by an express exception or reservation and not alone by bounding by a side line." The inserting statute, St.

that prior to the enactment of this statute, under the common law rule of construction the mention of a way as a boundary in a conveyance of land was presumed to mean to the middle of the way if the grantor owned the way. *Murphy v. Mart Realty of Brockton, Inc.*, 348 Mass. at 679-681. This presumption could be overcome by clear proof of a contrary intent of the parties from the language of the deed and the attendant circumstances surrounding the conveyance. *Ibid. Beattie* v. *Swanson*, 360 Mass. 50, 52 (1971). Since the enactment of G. L. c. 183, § 58, conveyances of land abutting a way, whether public or private and whether in existence or merely contemplated (so long as the way is sufficiently designated) are now construed in accordance with its provisions if deemed applicable. See *Tattan* v. *Kurlan*, 32 Mass. App. Ct. 239, 242-243, 244 n.6 (1992). The parties do not dispute the applicability of the statute, simply its interpretation. The plaintiff argues that under the statute his boundary line extends to the center line of the street. The judge, on the other hand, ruled that since the plaintiff's grantor retained other land on the same side of the street, the grantor retained the fee in the street under the "unless" clause of § 58(*a*)(*i*) (see note 2, *supra*). The judge's construction overlooks the fact that the grantor also retained other land on the opposite side of the contemplated street. Under the clear language of § 58(*a*)(*ii*) the grantee would then own to the center line of the way. See *Tattan* v. *Kurlan*, 32 Mass. App. Ct. at 242-245, 247 (where the grantor of two lots did not apparently own any land lying beyond that conveyed to the grantees, the grantees' title ran to the middle of the way on strips of land reserved for future street purposes). Consequently, we conclude that the judge erred in ruling that the plaintiff did not possess title to part of the proposed street shown on the subdivision plan.

2. *Compliance with the zoning variance.* The plaintiff argues that the board did not have the authority to waive a

---

1971, c. 684, § 1, became effective as of January 1, 1972, but contained a grandfather clause applicable to all the pre-1972 instruments relevant in this case. See St. 1971, c. 684, § 2; St. 1990, c. 378, § 2.

condition imposed for the grant of a variance by the board of appeals under the town's zoning by-law. See *Arrigo* v. *Planning Bd. of Franklin*, 12 Mass. App. Ct. 802, 807 (1981). In this case, the Cabrals were granted a variance to construct a house on the condition that they retain an existing tree buffer zone. The judge adopted the board's determination that the tree buffer zone consisted of an area ten feet in width around the perimeter of the Cabrals' property[3] and concluded that the board had properly waived compliance with this condition of the zoning variance affecting the construction of the proposed street. This was error.

The board's regulations require strict compliance "with the terms of any variance . . . which may have been specifically granted by the Board of Appeals." Somerset planning board regulation § II F. The regulations also provide that the rules and regulations may be waived when, in the judgment of the board, "such action is in the public interest and not inconsistent with the Subdivision Control Law, and the zoning by-law of the Town of Somerset." Somerset planning board regulation § II H. A waiver will be held invalid if it is inconsistent with the intent and purpose of the Subdivision Control Law. See G. L. c. 41, § 81R. One intent of the Subdivision Control Law is to "insur[e] compliance with the applicable zoning ordinances or by-laws." G. L. c. 41, § 81M, as appearing in St. 1969, c. 884, § 2. *Doliner* v. *Planning Bd. of Millis*, 343 Mass. 1, 6 (1961). In addition, G. L. c. 41, § 81Q, as appearing in St. 1953, c. 674, § 7, provides: "[N]o rule or regulation [of a planning board] . . . shall be inconsistent with the regulations and requirements of any other municipal board acting within its jurisdiction." There is no question that the waiver granted by the planning board altering the terms of a variance was inconsistent with the intent

---

[3]The tree buffer zone encompassed an area ten feet by sixty feet in the turnaround area.

and purposes of the Subdivision Control Law and beyond the board's power.

> *Judgment reversed. A new judgment is to enter in the Superior Court annulling the decision of the board.*