LYNN H. PARKER & others[1] *vs.* BLACK BROOK REALTY
CORPORATION.

No. 03-P-354.

Suffolk. February 11, 2004. - June 9, 2004.

Present: DOERFER, COHEN, & MILLS, JJ.

*Subdivision Control,* Approval of plan, Planning board, Regulations. *Municipal Corporations,* Planning board. *Planning Board.*

This court concluded that the general purposes clause in G. L. c. 41, § 81M, provided authority for two town planning boards, and a Land Court judge reviewing the planning boards' approvals of a definitive subdivision plan, to consider, even absent express regulation, the developer's legal right to access roads outside the subdivision, and therefore, the judge in a civil action by abutters to the subdivision challenging the approvals properly annulled the approvals where the developer did not have the legal right to use certain of the land that provided access from the exterior of the subdivision to the nearest adjacent public way. [309-311]

CIVIL ACTIONS commenced in the Land Court Department on April 25, 2000, and April 28, 2000.

After consolidation, the cases were heard by *Peter W. Kilborn,* J.

*John D. Powers* for the defendant.

*Mark S. Bourbeau* for the plaintiffs.

MILLS, J. Abutters appealed approvals of a definitive subdivision plan of land located partly in the town of Mendon and partly in the town of Hopedale. A Land Court judge determined that the subdivision proponent, Black Brook Realty Corporation (Black Brook), did not have the legal right to use certain of the land that provided access from the exterior of the subdivision to the nearest adjacent public way. Black Brook appeals the judg-

---

[1] Denise Linder, Douglas Moore, Kennett G. Coleman, Colleen M. Strapponi, Mark S. Strapponi, Marjorie O. Clinton, Elizabeth M. Benney, and David J. Benney.

ments annulling the approvals by the towns' planning boards of the definitive subdivision plan. We affirm.

Black Brook requested from the Mendon and Hopedale planning boards their approvals of a forty-two lot subdivision that was located partly in each town. As shown on the sketch in the Appendix to this opinion, the plan contains two connection points of its interior ways with Overdale Parkway (parkway), a roadway exterior to the subdivision and owned by the town of Hopedale, though not established as a public way. Black Brook intended to reach the closest public way, Freedom Street, exclusively by way of the parkway. The two boards approved the subdivision. The Hopedale board did not consider the abutters' objection that Black Brook had no legal right to use the parkway. That board commented that "[t]his is a legal issue and will not be determined by the [b]oard." The abutters appealed pursuant to G. L. c. 41, § 81BB, and a Land Court judge annulled the decisions of both boards after determining that Black Brook lacked the legal right to use at least the unpaved portion of the parkway, an essential component of the subdivision's proposed access to Freedom Street.

The judge noted that the rules and regulations of neither board expressly require that the applicant have rights in the adjacent ways if they are necessary components of the proposed access to public ways. He considered whether the absence of such regulations made consideration of legal access ultra vires to the boards' evaluation and approval of the plan. He concluded that this case, like *Beale* v. *Planning Bd. of Rockland*, 423 Mass. 690, 694-697 (1996) (*Beale*), is an exception to *Castle Estates, Inc.* v. *Park & Planning Bd. of Medfield*, 344 Mass. 329, 334 (1962) (*Castle Estates*), and that the general purposes clause in G. L. c. 41, § 81M, provides authority for the boards, and the reviewing court, to consider Black Brook's legal right to the access road outside the subdivision, even absent express regulation. We agree.

*Castle Estates* reiterated that planning board regulations must be "comprehensive, reasonably definite, and carefully drafted, so that owners may know in advance what is or may be required of them and what standards and procedures will be applied to them." 344 Mass. at 334. The court said that "[w]ithout such

regulations, the purposes of the law may easily be frustrated."
*Ibid.* "A planning board exceeds its authority if requirements
are imposed beyond those established by the rules and
regulations." *Beale*, 423 Mass. at 696. In *Beale*, the court held
that the planning board's authority under the general purposes
clause (G. L. c. 41, § 81M) to enforce the zoning by-laws
provided a basis for the disapproval of the subdivision plan,
where the proposed use of the land in question, to provide ac-
cess to a proposed retail shopping mall on adjacent land in
another town, was not an allowable use in the district and would
violate the zoning by-law. *Id.* at 693-697. Section 81M of G. L.
c. 41, as amended by St. 1969, c. 884, § 2, expressly admonishes
planning boards to exercise their powers under the subdivision
control law "with due regard for the provision of adequate ac-
cess to all of the lots in a subdivision by ways that will be safe
and convenient for travel . . . and for coordinating the ways in
a subdivision with each other and with the public ways in the
city or town in which it is located and with the ways in
neighboring subdivisions." The court in *North Landers Corp.* v.
*Planning Bd. of Falmouth*, 382 Mass. 432, 436-437 (1981), af-
firmed the authority of a planning board to evaluate the
adequacy of ways outside the subdivision, under a properly
drawn local subdivision regulation.[2] Black Brook relies upon
*Hahn* v. *Planning Bd. of Stoughton*, 24 Mass. App. Ct. 553,
555-556 (1987), in its argument that the board and court are
without authority to consider questions of Black Brook's rights
in the parkway, and that a planning board may not consider the
matter of title. However, *Hahn* stands for the more limited
proposition that a planning board's subdivision approval is not
invalid because it fails to determine questions of the subdivider's
title, where those questions do not adversely affect development
or use of the subdivision. By contrast, the abutters' challenge to
Black Brook's rights in the parkway goes to the very heart of
the proposed development — the locus has been left without
one of the two means of access upon which the boards

---

[2]The court reserved the question whether inadequacy of a public way alone
could justify disapproval of a subdivision plan. *North Landers Corp.* v. *Plan-
ning Bd. of Falmouth*, 382 Mass. at 437 n.6. Here, of course, there is no
contention that the parkway is public, and indeed, Black Brook has no legal
right to its use.

predicated their approvals. It is well settled that a planning board is entitled to require an applicant for subdivision approval to demonstrate ownership of the subdivided land. *Batchelder* v. *Planning Bd. of Yarmouth*, 31 Mass. App. Ct. 104, 107-108 (1991). The regulations of the Hopedale and Mendon planning boards have such an express requirement. Ownership of access rights on which the proposed subdivision depends is no less consequential.

*Judgments affirmed.*