WILLIAM A. HAHN & others [1] *vs.* PLANNING BOARD
OF STOUGHTON & others, interveners.[2]

Suffolk. Norfolk.  September 12, 1988. — November 8, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & O'CONNOR, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*,
Appeal, Costs, Counsel fees.

Where a party to a civil action already had had the opportunity, by means of
an application to this court for leave to obtain further appellate review,
to challenge the Appeals Court's award of double costs, a single justice
of this court properly declined to set aside the award in a proceeding
under G. L. c. 211, § 3. [334-335]

In a de novo review pursuant to G. L. c. 231, § 6G, of a Superior Court
judge's award of attorney's fees, which had been affirmed by a single
justice of the Appeals Court, this court concluded that the attorney's
fees were properly granted for the defense of claims which were frivolous
and not advanced in good faith. [335-337]

In a de novo review pursuant to G. L. c. 231, § 6G, of an order of a single
justice denying a motion under G. L. c. 231, § 6F, for attorney's fees,
this court concluded that, on the record presented, the motion was prop-
erly denied. [337-338]

On the entire appellate record, this court concluded that a party's appeals
from the Appeals Court's award of double costs and from a Superior
Court judge's award of attorney's fees were frivolous and not advanced
in good faith; the case was remanded to the single justice for assessment
of appropriate attorney's fees. [338-339]

CIVIL ACTION commenced in the Superior Court Department
on September 9, 1985.

After review by the Appeals Court, and denial by the Su-
preme Judicial Court of leave to obtain further appellate review,

---

[1] Thirteen other residents of Stoughton.

[2] Salvatore B. Simeone, Benjamin A. Simeone, Jr., and Maria J. Luongo,
trustees, as interveners. The planning board of Stoughton was previously
a defendant in this litigation but is not a party to this appeal.

a motion for an award of certain attorney's fees, costs, and expenses on appeal was heard in the Supreme Judicial Court for the county of Suffolk by *Lynch,* J.

Also after review by the Appeals Court, a motion in the Superior Court Department for an award of certain attorney's fees was considered by *George N. Hurd, Jr.,* J. The order on this motion was reviewed in the Appeals Court by *Rudolph Kass,* J., pursuant to G. L. c. 231, § 6G. The Supreme Judicial Court granted a request for direct appellate review.

A separate proceeding commenced in the Supreme Judicial Court for the county of Suffolk on September 1, 1987, seeking to have this court set aside an award of costs on appeal, was heard by *Lynch,* J.

*William A. Hahn* for the plaintiffs.

*Patrick J. Sharkey* for the interveners.

HENNESSEY, C.J. These are appeals from actions taken by a Superior Court judge, a single justice of the Appeals Court, and a single justice of the Supreme Judicial Court at various stages of the same case. The case began as an attempt by William A. Hahn and thirteen other residents of the town of Stoughton (collectively referred to as "Hahn") to set aside the approval of a subdivision plan by the planning board of Stoughton (planning board) submitted by Salvatore B. Simeone, Benjamin A. Simeone, Jr., and Maria J. Luongo (developers). The Superior Court judge (a) granted summary judgment for the planning board and the developers, (b) denied Hahn's motion to amend the complaint, stating that the proposed amendment was "immaterial if not frivolous," (c) denied Hahn's motion to reconsider both the granting of summary judgment and the denial of the motion to amend, and (d) with respect to the developers' motion for attorney's fees incurred in defending against the motion to amend and motion to reconsider, ruled "after extensive hearing — no action taken at this time as I anticipate appeal by plaintiff . . . and am reluctant to cause a 'chilling effect' by allowing this motion on this date. Action deferred until appellate review."

Hahn appealed. The Supreme Judicial Court denied his application for direct appellate review. The Appeals Court affirmed the judgment for the defendants, and awarded double costs. *Hahn* v. *Planning Bd. of Stoughton*, 24 Mass. App. Ct. 553 (1987).[3] Hahn applied for further appellate review, which the Supreme Judicial Court denied. 400 Mass. 1106 (1987).

Following the Appeals Court's decision, the developers filed a motion in the Supreme Judicial Court for attorney's fees, costs, and expenses incurred in opposing Hahn's applications for direct and further appellate review. The single justice, to whom this court referred the motion, denied it, stating that there was merit to the developers' contention that Hahn's claims were frivolous, but he was not persuaded that Hahn had acted in bad faith. The developers now appeal from the single justice's order.

Following the Appeals Court's decision, Hahn commenced a proceeding in this court, pursuant to G. L. c. 211, § 3 (1986 ed.) (general superintendence powers), seeking to have this court set aside the Appeals Court's award of double costs. A single justice of this court denied relief, and Hahn now appeals.

Also following the Appeals Court's decision, the developers renewed their motion in the Superior Court for attorney's fees incurred in defending against Hahn's motion to amend and motion for reconsideration. The Superior Court judge awarded the developers $3,795 in attorney's fees. Hahn sought review in the Appeals Court pursuant to G. L. c. 231, § 6G (1986 ed.) (appellate review of attorney's fees under § 6F). A single justice of the Appeals Court affirmed, and Hahn appealed. The appeal is here on this court's granting of the developers' application for direct appellate review. We now affirm each of the decisions below.

1. *Hahn's Appeal from an Order of the Single Justice of the Supreme Judicial Court Denying Relief from the Appeals Court's Award of Double Costs.*

The Appeals Court awarded double costs to the developers pursuant to Mass. R. A. P. 25, as amended, 378 Mass. 925

---

[3] The facts for purposes of these appeals are adequately stated in the Appeals Court's opinion.

(1979), which states that "[i]f the appellate court shall determine that an appeal is frivolous, it may award . . . double costs to the appellee." Hahn sought relief from a single justice of the Supreme Judicial Court pursuant to G. L. c. 211, § 3. The single justice declined to set aside the double costs award.

General Laws c. 211, § 3, states: "The supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided." Orders entered by a single justice of the Supreme Judicial Court, however, are not to be disturbed absent an "abuse of discretion" or "clear error of law." *Palaza* v. *Superior Court*, 393 Mass. 1001, 1002 (1984). *Commonwealth* v. *Yelle*, 390 Mass. 678, 686 (1984). We conclude that the single justice neither abused his discretion nor made an error of law.

The single justice acted properly in light of G. L. c. 211, § 3, which allows use of the court's general superintendence powers only if "no other remedy is expressly provided." The extraordinary remedy provided by c. 211, § 3, should be invoked only when appellate review is otherwise unavailable. See *Commonwealth* v. *Lam Hue To*, 391 Mass. 301, 306 n.4 (1984). In the instant case, the other remedy expressly provided to Hahn was an application for further appellate review of the Appeals Court's decision. Hahn had, prior to his hearing before the single justice of the Supreme Judicial Court, sought further appellate review, which the Supreme Judicial Court denied.

Although unnecessary to our determination, we add that the Appeals Court's opinion, 24 Mass. App. Ct. 553 (1987), discloses ample support for the imposition of double costs.[4]

2. *Hahn's Appeal from an Order of a Single Justice of the Appeals Court Affirming the Superior Court Judge's Award of Attorney's Fees.*

The Superior Court judge awarded, and a single justice of the Appeals Court affirmed, attorney's fees to the developers for defending against Hahn's motion for leave to amend the

---

[4] The opinion of the Appeals Court also summarizes part of the reasoning on which the Superior Court judge could rely in awarding attorney's fees, as discussed *infra*.

complaint, and motion for reconsideration pursuant to G. L. c. 231, § 6F, which states that a court shall grant attorney's fees where the opponent's claims are frivolous and not advanced in good faith.[5] This court reviews the finding appealed from as if it were initially deciding the matter, a de novo review.[6] We conclude that the attorney's fees were properly granted.

The Superior Court judge sifted through numerous papers filed by Hahn including multiple affidavits, motions to amend, motions to reconsider, motions for summary judgment, letters addressed to the judge, motions in opposition, a motion to strike, and a motion to vacate orders. It is within this context of pleadings, petitions, and appearances by Hahn that the judge concluded that Hahn had acted frivolously and in an absence of good faith.

Hahn's amended complaint raised three points: (1) a predecessor in title had agreed to loam and reforest the gravel site;

---

[5] General Laws c. 231, § 6F, states in pertinent part: "Upon motion of any party in any civil action in which a . . . judgment has been made by a judge or . . . by a jury, . . . the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, . . . whether of a factual, legal or mixed nature, made by any party who was represented by counsel . . . were wholly insubstantial, frivolous and not advanced in good faith. . . .

"If such a finding is made with respect to a party's claims, the court shall award to each party against whom such claims were asserted an amount representing the reasonable counsel fees and other costs and expenses incurred in defending against such claims. . . .

". . . .

"No finding shall be made that any claim, defense, setoff or counterclaim was wholly insubstantial, frivolous and not advanced in good faith solely because a novel or unusual argument or principle of law was advanced in support thereof."

[6] General Laws c. 231, § 6G, states in pertinent part: "Any party aggrieved by a decision on a motion pursuant to section six F may appeal . . . . If the matter arises in the superior, land, housing or probate court, the appeal shall be to the single justice of the appeals court at the next sitting thereof. If the matter arises in the appeals court or before a single justice of the supreme judicial court, the appeal shall be to the full bench of the supreme judicial court. The court hearing the appeal shall review the finding and award, if any, appealed from as if it were initially deciding the matter, and may withdraw or amend any finding or reduce or rescind any award when in its judgment the facts so warrant."

(2) the subdivision approval would require soil removal which had been denied to a predecessor in title; and (3) the owners of the land had a fraudulent deed because it failed to recite consideration. Each of the three theories was irrelevant to the central issue in the case, the correctness of the planning board's approval of a subdivision plan which required only regulatory compliance. The frivolousness of Hahn's actions in his motions to amend and to reconsider are readily apparent in the lack of weight or importance in these claims, and their failure to controvert the material points of the opposing pleadings.

An award of attorney's fees, however, also requires a showing that Hahn's claims were not advanced in good faith. Good faith implies an absence of malice, an absence of design to defraud or to seek an unconscionable advantage. See Black's Law Dictionary 623-624 (5th ed. 1979). Rule 11 of the Federal Rules of Civil Procedure (1987) imposes sanctions upon actions that are not in good faith, those "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Sufficient evidence existed in the record before both the Superior Court judge and the single justice of the Appeals Court from which to infer an absence of good faith. In our view, based on Hahn's multiple actions throughout the course of the litigation, we reach the same conclusion as the judges below and award attorney's fees.

We recognize the implication of G. L. c. 231, § 6F, that a judge should consider the possible chilling effect of a decision to award attorney's fees. At this point, there is no danger of chilling any possible appeal based on a novel argument of law. An award of attorney's fees is being affirmed because of a party's irrelevant and immaterial claims, rather than novel theories of law.

3. *The Developers' Appeal from an Order of the Single Justice of the Supreme Judicial Court Denying Their Motion for Attorney's Fees.*

The developers sought attorney's fees pursuant to G. L. c. 231, § 6F, which directs a court to award fees to a party if "all or substantially all of the [opponent's] claims . . . were wholly insubstantial, frivolous and not advanced in good faith."

This court, hearing an appeal, must review the finding appealed from "as if it were initially deciding the matter" and may modify the judgment as warranted by the facts. G. L. c. 231, § 6G.

The single justice applied the "frivolous and not advanced in good faith" standard to the record before him, which consisted of petitions for direct and further appellate review after the Appeals Court's decision. He concluded that "while there [was] merit in the contention that the [plaintiffs'] claims were frivolous, [he was] not persuaded that the [plaintiffs] acted in bad faith." [7]

Based on the record and other material the single justice had before him, we conclude, as the single justice could have, that Hahn's frivolous undertaking might be based upon poor judgment, rather than an absence of good faith, insincerity, or ill will.[8] We emphasize here the limited record before the single justice, which we now review de novo, as compared to the extended record which was before the Superior Court judge. We, like the single justice, would be reluctant to find ill will or insincerity in Hahn's action based on two applications for further and direct appellate review, and on the details available in the Appeals Court's opinion.

4. *The Developers' Motion for Attorney's Fees for Hahn's Current Appeal to this Court.*

We also have before us the developers' motion for attorney's fees for defending against Hahn's appeals to this court. For the same reasons which impelled the Appeals Court, the Superior Court judge, and the single justice of the Appeals Court, we, with the entire record before us, inescapably reach the conclusion that Hahn has made frivolous claims that were "not

---

[7] The single justice's reference to "bad faith" rather than the "not advanced in good faith" language in G. L. c. 231, § 6F, is not crucial. We believe that the single justice was applying the same standards we now apply. Furthermore, we now conduct a de novo review and are not bound by the single justice's finding.

[8] Hahn has filed a motion to dismiss the developers' appeal for failure to comply with appellate rules, for failing to make a timely designation of the appendix contents and statement of issues. Because Hahn prevails on the developers' appeal, we need not address his motion.

advanced in good faith," and therefore award attorney's fees. We remand the case to the single justice of this court for assessment of appropriate attorney's fees for Hahn's appeals to this court in which he sought to have the Appeals Court's award of double costs set aside and in which he sought reversal of the Superior Court judge's award of attorney's fees.

*Judgments affirmed.*