MASSACHUSETTS ADVENTURA TRAVEL, INC. *vs.*
MARCIA P. MASON & others.[1]

No. 88-P-253.

Hampshire.   December 12, 1988. — May 11, 1989.

Present: GREANEY, C.J., CUTTER, & ARMSTRONG, JJ.

*Practice, Civil,* Frivolous action, Costs, Counsel fees, Appeal.

In the circumstances of a civil action in which the defendants were alleged
to have breached a noncompetition agreement with the plaintiff, the
record supported the judge's findings that no noncompetition agreement
had been made by the defendants and that the plaintiff "did not have
reason" to believe a covenant not to compete existed; thus the judge
correctly concluded that the plaintiff's claims were wholly insubstantial,
frivolous, and not advanced in good faith, and properly awarded the
defendants attorney's fees and costs pursuant to G. L. c. 231, § 6F.
[298-300]

CIVIL ACTION commenced in the Superior Court Department
on December 2, 1986.

The case was heard by *Constance M. Sweeney*, J., and a
motion for attorney's fees and costs was also heard by her.
The order on this motion was reviewed in the Appeals Court
by *Fine*, J., pursuant to G. L. c. 231, § 6G.

*Paul T. Ford* for the plaintiff.
*John M. Finn* for the defendants.

CUTTER, J. The plaintiff corporation (Adventura) operated
a travel agency in Amherst of which John Wurster was the
sole officer and shareholder. The individual defendants, Mrs.
Mason and Mrs. Mehr, were employed as travel agents by
Adventura for several years prior to the end of October, 1986.
While so employed, the individual defendants considered form-

---

[1] Carol H. Mehr and The Travel Loft, Inc., a Massachusetts corporation
formed on January 16, 1986.

ing another travel agency in Amherst, and discussions with Wurster ensued which eventually led to this litigation.

At the end of October, 1986, the individual defendants left Adventura. On December 1, 1986, they opened a travel agency under the name of The Travel Loft, Inc. (Loft, Inc.). The individual defendants were the sole shareholders of this corporation. They established Loft, Inc.'s place of business approximately 300 feet from the office of Adventura.

On December 2, 1986, Adventura filed a complaint in the Superior Court against the individual defendants and Loft, Inc. alleging breach of employment contracts (including breach of an alleged oral covenant not to compete), breach of fiduciary duty, unlawful conspiracy, and unfair and deceptive acts and practices in violation of G. L. c. 93A, § 2. The defendants denied the allegations of the complaint and filed counterclaims. The case was heard by a Superior Court judge, sitting without a jury. The judge made comprehensive findings and rulings of law favorable to the defendants on January 2, 1987.[2]

On February 9, 1987, the defendants filed under G. L. c. 231, § 6F,[3] a motion for attorney's fees and costs. After hearing, the motion was denied.

The judge in her order made the following findings, among others: "With respect to the claim of breach of fiduciary duty, including business disruption, I find that allegation was wholly

---

[2] In her findings, the trial judge made note that Wurster at times testified that the individual defendants agreed not to compete for one year, at other times he testified that they agreed not to compete for a "reasonable time," and at still others claimed that the defendants agreed not to leave his employ for a reasonable time.

[3] General Laws c. 231, § 6F, inserted by St. 1976, c. 233, § 1, provides (in part): "Upon motion of any party in any civil action in which a finding, verdict, decision, award, order or judgment has been made by a judge . . . or other finder of fact, the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, defenses, setoffs, or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith. . . .

"If such a finding is made with respect to a party's claims, the court shall award . . . reasonable counsel fees and other costs and expenses . . . ."

insubstantial, frivolous[,] and not advanced in good faith. The incorporated findings set forth the subsidiary reasons for this conclusion. However, I find that the claim for breach of the covenant not to compete was [a] substantial and serious claim and advanced in good faith. Although I found that the plaintiff failed to establish by a fair preponderance of the evidence the existence of such a covenant it is my opinion that the president of the plaintiff corporation *believed* that such a covenant existed and[,] *believing that on behalf of the corporation,* advanced the claim regarding the alleged breach of that covenant. Simply because the plaintiff did not prevail on the merits concerning that claim does not render it frivolous nor does it, as the defendants suggest, make the testimony of the plaintiff's witness perjury." (Emphases supplied.)

The defendants appealed to a single justice of this court pursuant to c. 231, § 6G. On April 17, 1987, the single justice remanded the case for further findings and reconsideration, stating: "The defendants point out that the judge noted her opinion that the witness 'believed' that an oral covenant existed. It is possible, although not certain, that the judge improperly applied a subjective standard. The question to be determined is whether the witness and his counsel *had reason to believe* that oral agreements not to compete had been made. See *Katz* v. *Savitsky,* 10 Mass. App. Ct. 792, 797 (1980)." (Emphasis supplied.)

On August 17, 1987, the trial judge revised her initial order, in apparent recognition that in her earlier decision she, indeed, had applied an incorrect standard. She also included in her order the statement quoted in the margin.[4]

---

[4] The trial judge wrote: "The issue now under consideration is whether . . . the plaintiff's claim for breach of the covenant not to compete was wholly insubstantial, frivolous[,] and advanced in bad faith. In making that determination I find . . . that there was no evidence presented whatsoever of breach of fiduciary duty, conspiracy[,] or unfair and deceptive business practices. Thus the sole remaining question is whether the plaintiff through its president *had reason to believe* that a contract existed by which the defendant had agreed not to compete. After a full review of the evidence I find that *there was not reason to believe* that a convenant not to compete existed." (Emphases supplied.) That decision of the trial judge we affirm in part 6 of this opinion.

After further hearing, the trial judge allowed (November 30, 1987) counsel fees of $13,608.00 and costs of $188.00. The same single justice of this court, on a new appeal, reduced by $750 the counsel fees allowed but otherwise affirmed the trial court's order. Adventura was denied on April 28, 1988, direct appellate review by the Supreme Judicial Court of the order of the single justice of this court. On February 23, 1988, Adventura filed this appeal from that order. The defendants, in addition to asking affirmance of that order, also now seek attorney's fees and costs relating to Adventura's application for direct appellate review and this appeal.

1. Under G. L. c. 231, § 6F, a court may award counsel fees and costs upon a "separate and distinct finding that all or substantially all of the claims . . . were wholly insubstantial, frivolous and not advanced in good faith." The major dispute between the parties is to what extent, in determining the presence or absence of good faith, the judge is required to apply essentially either a subjective or an objective standard in reviewing the conduct of the party from whom counsel fees are sought. In doing so, we must be mindful that the thrust of the complaint is that the individual defendants were in breach of an oral amendment of their employment arrangement with Adventura "to include an agreement" that "upon leaving . . . [its] employ [they] would not compete with . . . [Adventura] in the travel agency business for a reasonable time and within a reasonable radius of . . . [Adventura's] Amherst business."

2. The issue of the standard to be applied is one on which the parties are sharply divided. Adventura argues that good faith is to be determined by the honest belief of the claimant rather than by whether the claimant is reasonable in his perception of his claims. See *Spiegel* v. *Beacon Participations, Inc.*, 297 Mass. 398, 416-417 (1937, where it was said that bad faith is "not simply bad judgment. It is not merely negligence. It imports a dishonest purpose or some moral obliquity. It implies conscious doing of wrong. It means a breach of a known duty through some motive of interest or ill will. It partakes of the nature of fraud"). See also *Gardner* v. *Gardner*, 232 Mass. 253, 258 (1919); *Hartford Acc. & Indem. Co.* v. *Millis Roofing*

*& Sheet Metal, Inc.*, 11 Mass. App. Ct. 998, 999-1000 (1981). Accordingly, Adventura maintains that the trial judge applied the correct standard in the first instance when she denied the defendants' motion for an award of attorney's fees because she then had found that Wurster "believed" a covenant not to compete existed.[5]

The defendants in this case contend, however, relying on *Katz* v. *Savitsky*, 10 Mass. App. Ct. at 797, that an objective standard is applicable in appraising the good faith (or its absence) of a litigation claimant. In the *Katz* case, it was said: "It is clear from the papers that when the action was brought, neither the plaintiff nor his counsel had had any *reason to believe*" there was any factual support of their claim (emphasis added). See *Compugraphic Corp.* v. *DiCenso*, 11 Mass. App. Ct. 1020 (1981, "the defendants knew or should have known . . . that their counterclaims . . . lacked any substantial factual or legal support"); *Cohen* v. *Hurley*, 20 Mass. App. Ct. 439, 440-441 (1985). See also *Brookline* v. *Goldstein*, 388 Mass. 443, 448 (1983); *Allen* v. *Batchelder*, 17 Mass. App. Ct. 453, 457-458 (1984). The defendants here contend that the trial judge's conclusion after remand that "there was not reason to believe that a covenant not to compete existed" entitles them to fees and costs. We conclude that the standard is neither wholly subjective nor wholly objective.

3. General Laws c. 231, § 6G, inserted by St. 1976, c. 233, § 1, provides for appeals to a single justice of this court of decisions of Superior Court judges on motions for awards under § 6F. It also expressly provides that "[t]he court hearing the appeal shall review the finding and award, if any, appealed from as if it were initially deciding the matter, and may withdraw or amend any finding or reduce or rescind any award when in its judgment the facts so warrant," essentially a de novo review. See *Hahn* v. *Planning Bd. of Stoughton*, 403 Mass. 332, 335-336, 338 (1988).

---

[5] We think that some of the views expressed in the cases cited just above may have been one of the reasons why in *Hahn* v. *Planning Bd. of Stoughton*, 403 Mass. 332, 337-338 (1988), the Supreme Judicial Court decided to deny a motion by the developers for counsel fees under §§ 6F and 6G for dealing with relatively minor procedural matters in that court.

In undertaking our own review de novo, within the principles of *Miaskiewicz* v. *LeTourneau*, 12 Mass. App. Ct. 880, 881-882 (1981), we must consider whether Adventura's allegation that Mrs. Mason and Mrs. Mehr entered into an oral agreement not to compete was warranted by the evidence. The trial judge found that allegation to be "unsupported by the evidence as a whole."[6] Wurster's evidence she found "not credible" for reasons carefully enumerated by her. See note 2, *supra*. She believed the testimony of the individual defendants and also relied on that of a former employee of Adventura. This witness testified that, after the alleged agreement was made, Wurster had told her that, "while other employees of . . . [Adventura] had entered into noncompetition agreements, Mrs. Mason and Mrs. Mehr had not" done so.

4. The trial judge thus, in reappraising the evidence after remand, adhered to her original conclusion (that no noncompetition covenant had been made by the individual defendants). She also in some measure adhered to her statement (in her original denial of the defendants' motion for counsel fees) that Wurster "believed" that a noncompetition covenant did exist by setting forth (see note 7, *infra*) in her findings after remand the reasons for the statement that "nothing in . . . [her] previous findings or this opinion is to be construed as any indication that . . . [Wurster] has intentionally made a false statement under oath on a material issue." Those reasons appear in the margin.[7]

---

[6] The present record does not include the transcript of testimony, rather only fragments of exhibits. Special weight therefore must be given to the findings of the trial judge, who had the opportunity to hear and observe the witnesses.

[7] The trial judge made mention that Adventura's "president[,] faced with potentially catastrophic business loss as a result of the defendants' actions[,] read into the words and actions of others a meaning which a dispassionate and reasonable person would not have drawn." She stated that "the defendants' actions[,] while lawful[,] were not necessarily considerate of" Wurster. She thus recognized that the defendants had been behaving in a fashion which some might regard as reprehensible.

She could have been less generous to Wurster. We note that Wurster was said (in a brief filed in behalf of Adventura itself on December 31, 1987, before the single justice) to have testified that he was a graduate of

On this record, we conclude that the trial judge had basis for deciding that Wurster "did not have reason to believe that a covenant not to compete existed." So finding, she concluded, reasonably, that "all or substantially all of . . . [Adventura's] claims were wholly insubstantial, frivolous[,] and not advanced in good faith." Wurster (with his training, see note 7, *supra*) was in a position to know whether a noncompetition covenant in fact had been made. He, so far as appears, had been a participant in all relevant conferences. The judge fairly could take into account her conclusions about the "wholly insubstantial" and "frivolous" character of "substantially all" of the Adventura claims in determining that they or any one of them were "not advanced in good faith." We think this conclusion is consistent with that in the *Hahn* case, 403 Mass. at 335-337.

5. The decisions indicate that the provisions of c. 231, §§ 6F and 6G,[8] must be interpreted and developed on a case by case basis by successive reviews de novo of proceedings in trial courts. Absence of good faith of a claimant in litigation may be inferred reasonably from circumstances found by a trial judge, such as the claimant's experience and training, his knowledge of relevant circumstances as found by the trial judge, the extent to which advice and participation of counsel was available to him, the quality and significance of the claimant's grounds advanced for opposing an award under §§ 6F and 6G, and similar criteria.

6. Where as here a claim is advanced which essentially is unsupported by evidence, we hold that a subjective belief of a person in his claim may be ruled, in the trial court and on appellate review, not to preclude an award under these sections. In the present case the trial judge and the single justice of this

the Harvard Business School and to have been a former Fulbright scholar. He thus had experience and training reasonably enabling him (with the assistance of counsel) to recognize whether he had or did not have an oral covenant from the individual defendants not to compete with Adventura.

[8] We make note of the views expressed in an article of a proponent of the enactment of §§ 6F and 6G that awards are to be made "sparingly" and not to become an indirect method of supplanting the usual rule that taxable costs are deemed full compensation for the expenses of litigation. See Medalie, Allocation of Counsel Fees — A New Concept in Litigation, 61 Mass. L.Q. 205, 206, 208 (1977).

court on this record justifiably made the awards ordered by them respectively. We, after our review, affirm the judgment of the Superior Court as modified by the single justice of this court. No party is to have costs of, or attorney's fees upon, this review by a panel of this court, for we think that the careful discussion of the situations considered in the *Hahn* case, 403 Mass. 332, made it wholly appropriate to seek such a panel review.

*So ordered.*