Flannery, J.
In my earlier decision in this case (Memorandum, August 22, 1994) [2 Mass. L. Rptr. 641 (1994)], I ruled that the defendant (movant Eberle) is entitled to an award of fees and costs pursuant to G.L.c. 231, §6F. In keeping with language of §6F, the award was made against Mystic Maintenance, Inc. The defendant now moves for reconsideration of that decision, urging that the award should run also or exclusively against Mystic’s attorney (respondent Diviacchi). The defendant argues that the lawyer was responsible for making the frivolous claim against him, and besides, the award is uncollectible against Mystic, which is in bankruptcy.
Chapter 231, §6F does not expressly authorize or preclude an award against counsel. However, Mass.R.Civ.P. 11(a) requires the lawyer who signs a pleading to certify “that to the best of his knowledge, information, and belief there is good ground to support it. . ,”[1] Rule 11 also provides: “For a willful violation of this rule an attorney may be subjected to appropriate disciplinary action.” Eberle urges that, on the facts here, conduct that violates §6F also violates Rule 11, and that taxing the lawyer with fees and costs is an “appropriate disciplinary action.” In opposition to the present motion, Mystic’s lawyer repeats his earlier contention that he believed in good faith, albeit mistakenly, that his claim against Eberle could be brought and maintained.
I previously ruled that the conduct here violated c. 231, §6F, so the questions now are whether the same conduct violates Rule 11; if so, whether the lawyer’s behavior was “a willful violation of this rule”; and if so, whether imposition of fees on counsel is an “appropriate disciplinary action.”[2]
First, the “good ground” criterion in Rule 11 (a) requires ”... reasonable inquiry and an absence of bad faith.” Bird v. Bird, 24 Mass.App.Ct. 352, 368 (1987). That is to say, a lawyer’s ignorance is no excuse if he should have known something and failed to make reasonable inquiry about it. Similarly, Supreme Judicial Court Rule 3:07, DR7-102(A)(1) forbids a lawyer to file suit “. . . when he knows or when it is obvious that such action ..." would merely harass another (emphasis added). Obviousness and the reasonable inquiry requirement are the equivalent of what a lawyer knows or reasonably should know.
Therefore, even if one can hypothesize a case in which a violation of c. 231, §6F would not also be a violation of Rule 11, perhaps because the lawyer’s reasonable inquiry failed to disclose that a claim was frivolous and not in good faith, the present case is not possibly in that category. The bringing of an action without the bankruptcy trustee’s authorization, regardless of whether the client believes the substantive allegations, is peculiarly a lawyer’s mistake. If obviousness and reasonable inquiry mean anything, they mean that counsel for the would-be plaintiff must touch the jurisdictional bases before filing suit so that the action will not “serve merely to harass or maliciously injure another.”
The respondent here reiterates that he (and his client) proceeded in good faith, but he nowhere denies that before filing he could have easily identified and consulted the trustee in bankruptcy. Therefore, I conclude on these facts that Attorney Diviacchi violated Mass.R.Civ. P. 11(a).[3]
Second, was the violation “willful” so as to warrant disciplinary action? The parties have not offered authority concerning the meaning of “willful” in the present context.[4] Generally, in a civil context “willful” denotes an act that is intentional, or knowing, or voluntary. “Willful” in a criminal context means an act done with a bad purpose, without justifiable excuse. Black’s Law Dictionary 1600 (6th Ed. 1990); Gifis, Law Dictionary 517 (1984). Clearly, a pleading is not a willful violation of Rule 11 merely because it turns out to be meritless. U.S. Funding, Inc. of America v. Bank of Boston Corp., 28 Mass.App.Ct. 404, 408-09 (1990). On the other hand, an invalid claim that results from a lawyer’s failure to make reasonable inquiry where he has an obligation to do so (Bird v. Bird, above, 24 Mass.App.Ct. at 368), is willful in the sense of inexcusable inadvertence. Rule 11 is more than aspirational. Therefore, I find that this respondent’s filing suit without having made reasonable inquiry was a willful violation of Rule 11.
The remaining question is whether the respondent should be liable along with his client for a reasonable fee and costs to Eberle. Is such an award an appropriate disciplinary action for the willful violation of Rule 11? There are federal cases imposing fees and costs upon counsel, but there appear to be no such Massachusetts cases, and it has been observed that Federal Rule 11 is more stringent and more explicit than our rule. New England Allbank for Savings v. Rouleau, 28 Mass.App.Ct. 135, 141 (1989).
In a case such as this one, the fact that a c. 231, §6F award against the client is uncollectible because Mystic is in bankruptcy is not a basis for imposing *392 liability upon counsel if doing so would not be otherwise appropriate. Such an “only available pocket” theory would not be sensible. The decisive point, rather, is whether the willful violation of Rule 11(a) is an independent cause of the c. 231, §6F-type harm to the movant (Eberle). Put another way, regardless of the client’s (Mystic’s) culpability, would the harm have been avoided but for the Rule 11 violation? If the answer is in the negative, i.e., if the violation did not cause the harm, them a monetary sanction such as an award of fees would not be an “appropriate disciplinary action.” However, if the violation is a cause of the harm, then an award of fees and costs against counsel would seem to be both logical and fair.
The answer to that causation question is clear in this case. Assuming Mystic’s allegations against Eberle to be false, the harm to Eberle would have been averted by an inquiry of the Bankruptcy Court about authorization to sue. Assuming Mystic’s allegations to be true, the lawsuit was nonetheless a harmful nullity; and a simple inquiry by counsel, as required by Rule 11 (a), would have prevented harm to Eberle by revealing that the action could not be brought. In sum, Diviacchi’s willful violation of Rule 11 caused harm to Eberle independently of Mystic’s good or bad faith.
As noted above, no Massachusetts decisions exactly on point have been cited to the court. An instructive case, however, although it did not involve Rule 11 or c. 231, §6F as such, is Avery v. Steele, 414 Mass. 450 (1993). There, an acrimonious dispute that began in the Boston Housing Court led to an award of double costs by the Appeals Court against the appellant on account of “disrespectful and irrelevant passages in her brief as well as allegations which are totally without record support.” The Supreme Judicial Court considered the award under c. 211, §15 and Mass.R.A.P. 25, noting that neither authorizes an award against the frivolous appellant’s attorney, 414 Mass, at 455. However, after affirming the award on the merits, the Court wrote: “We disagree with the Appeals Court only on the issue whether the costs should be paid by the attorney rather than the appellant.” The Court went on to impose the sanctions on the lawyer, rather than the client, because the lawyer should have known better even if the client did not, 414 Mass, at 457.
That rationale applies to this case. Whether or not Mystic should have known that it needed Bankruptcy Court authorization to sue Eberle, Diviacchi (who holds himself out as a legal malpractice specialist) should have known it or made reasonable inquiry about it. Therefore, I rule that Attorney Diviacchi is independently liable for the award of fees and costs set forth in this court’s decision of August 22, 1994.
In his memorandum in support of reconsideration Eberle reiterates that the award of fees and costs should be in the amount that he sought ($16,790.66), which was greater than the amount awarded ($6,000 in fees and $271.80 in costs). In that regard, the motion for reconsideration is denied.
In summary, Eberle’s motion for reconsideration is allowed in part, and upon reconsideration it is ordered that the respondent Diviacchi is jointly and severally liable to Eberle for payment of the award in the amount of $6,271.80. The motion for reconsideration is otherwise denied.

Mystic’s counsel does not dispute that he authored the groundless claim in this case.

In his present motion, as in his initial one, Eberle cites no conduct by Diviacchi that is clearly separate from Mystic’s position; nor does he cite any Massachusetts cases imposing fees on counsel for conduct that is violative of Rule 11 and c. 231, §6F. There are such cases under our Rule’s federal counterpart, Rule 11, F.R.Civ.P., but the federal rule explicitly authorizes such an award. For a helpful overview of some of these issues, see Greenberg, Sanctions: In Search of Standards, 74 Mass.L.Reo. 155 (1989).

I do not imply by this finding that the claims sought to be made against Eberle have any substantive merit. Indeed, the indications from the Bankruptcy Court, which awarded fees to Eberle for his work there, are to the contrary.

The respondent urges that he should not be penalized for advancing “novel theories of law.” Memorandum, p. 3. Making that contention in a case where the problem is jurisdictional, i.e., filing without authorization, is itself frivolous. The movant refers (Memorandum, p. 8) to “subjective bad faith on the part of counsel,” but while Rule 11 appears to require more than mere negligence (and see c. 221, §38), it does not require such malice or specific intent.