Kottmyer, J.
Plaintiffs Edward MacLeod and Margaret Johnson brought this tort action against defendant Denis Rafferty. After hearing, this court allowéd the defendant’s motion for summary judgment. The defendant now moves for attorneys fees and costs pursuant to G.L.c. 231, §§59Hand 6F. For the reasons set forth below, the motion is DENIED.
BACKGROUND
This action arose out of an incident at the Park Hill Manor Nursing Home on March 28, 1988.[2] The defendant’s mother, a resident of the nursing home, accused the plaintiffs of assaulting her and the defendant reported the allegations to the Worcester Police Department. After an investigation by the Worcester Police department and a hearing on the matter, Assistant Clerk Paul A. O’Connor determined that there was no probable cause to proceed with prosecution.
The plaintiffs immediately filed the present action alleging malicious prosecution, negligence, and intentional and negligent infliction of emotional distress. The defendant moved for summary judgment, or, in the alternative, to dismiss the action pursuant to G.L.c. 231, §59H. This court allowed the motion for summary judgment, and did not reach the merits of the special motion to dismiss.
DISCUSSION
The defendant filed a motion for attorneys fees and costs pursuant to G.L.c. 231, §§59H and 6F. Both parties filed memoranda of law and a hearing was held on October 27, 1995. The defendant subsequently filed a supplemental memorandum and affidavit in support of his motion.
I. Attorneys fees and costs pursuant to G.L.c. 231, §59H
The defendant seeks attorneys fees pursuant to G.L.c. 231, §59H which provides in relevant part:
If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion and any related discovery matters.
The plain language of the attorneys fees provision indicates that such awards are appropriate only where the special motion is allowed. In this case, the defendant moved in the alternative and the court acted only upon the defendant’s motion for summary judgment, expressly declining to reach the merits of the special motion to dismiss.[3] Therefore, there is no basis for further consideration of the defendant’s motion for fees and costs pursuant to §59H.
II. Attorneys fees and costs pursuant to G.L.c. 231, §6F
Section 6F provides for reasonable attorneys fees and costs related to defending claims where the court determines the claims to be “wholly insubstantial, frivolous and not advanced in good faith . . .” G.L.c. 231, §6F. For the purposes of this section, good faith implies “an absence of malice, an absence of design to defraud or to seek an unconscionable advantage.” Hahn v. Planning Bd. of Stoughton, 403 Mass. 332, 337 (1988), aff'd 406 Mass. 1001 (1989).
Defendant has failed to adduce evidence that plaintiffs’ claims were not advanced in good faith. The evidence demonstrates that the defendant was loud and belligerent in his dealings with plaintiffs and did not afford the plaintiffs a reasonable opportuniiy to explain the situation. Further, he engaged in conduct which was designed to and did create the impression on the part of the plaintiffs that, by virtue of his employment as a law enforcement officer and professional ties, he had the ability to influence the conduct of the investigation by the police department. This evidence supports plaintiffs’ good faith in initiating this action, despite the fact that their claims were unsuccessful. Defendant is therefore not entitled to attorneys fees and costs pursuant to §6F.
ORDER
For the foregoing reasons, it is therefore ORDERED that defendant’s motion for attorneys fees and costs pursuant to G.L.c. 231, §§59H and 6F be DENIED.

The facts are set forth in detail in the Court’s Memorandum of Decision and Order on Defendant’s Motion for Summary Judgment dated July 21, 1995.

Viewing the statute’s applicability to this case as clear, the defendant seeks payment of all attorneys fees incurred in defending this case which was filed on July 11, 1988, some six and one-half years before the effective date of the statute. In his Supplemental Memorandum, he argues that at the very least the statute entitles him to reasonable attorneys fees and *245 costs from February 27, 1995, the date on which the Motion to Dismiss pursuant to §59H was served. But there is a wide gulf between the conduct the statute was enacted to address, strategic lawsuits by developers to silence opposition to their projects by citizens, and the broad language employed by the Legislature in the statute's definitional section. See 1994 House Doc. No. 5570 and 5604. As a result, the scope of the statute and its application to cases like the present one were and are by no means clear. See Sullivan v. Murphy, Memorandum of Decision and Order On Plaintiffs Special Motion to Dismiss, Essex Sup. Ct. Civil Action No. 94-2866B (Whitehead, J.) (March 6, 1996), Bisognano v. Jain, Memorandum and Order On Plaintiffs Special Motion To Dismiss Counterclaim, Middlesex Sup. Ct. Civil Action No. 94-6879 (Roseman, J., Dec. 22, 1995), Cf. Dunkin Donuts, Inc. v. Honey Dew Associates, Inc., Norfolk Sup. Ct. Civil Action No. 92-3170 (Donovan, J., Jan. 10, 1996), MFP, Inc. v. Martin, Suffolk Sup. Ct. Civil Action No. 94-6433-B (King, J.) (February 2, 1996). Further, the constitutionality of applying the fee provision of §59H to the good faith assertion of long established causes of action, e.g., abuse of process and to litigation concerning the scope of a newly enacted statute presenting many complex and difficult issues is not clear. See St. Germaine v. Pendergast, 416 Mass. 698, 703 (1993). But see MFP, Inc. v. Martin, supra.