Giles, J.

Introduction

In this wrongful death action, third-party defendant Virco Manufacturing Corporation (“Virco”), alleges that the contribution claim of the third-party plaintiff, Advantage Schools, Inc. (“Advantage”), which was dismissed voluntarily on September 11, 2002, lacked factual support and, therefore, moves to recoup its reasonable counsel fees and other costs and expenses pursuant to G.L.c. 231, §6F. Advantage opposes the motion. The matter came on for hearing on February 27, 2003.

Background

The incident that gave rise to the instant litigation occurred on February 3, 2000, when a fold-away cafeteria table fell upon the four-year-old decedent, Antonio Lecce, at the Mystic Valley Charter School (“Mystic Valley”) in Malden, Massachusetts, and killed him. The following day, on February 4, 2000, three investigators, including James B. Cahill (“Cahill”), from Travelers Insurance Co., the insurer of Advantage, and the charter school’s manager, visited the site of the accident and inspected similar tables, the table in question having been removed by the Malden police. The investigators noted the name “Schieber Manufacturing Company, Detroit, Michigan” (“Schieber”) on the tables’ locking mechanisms. No other identifying information was found on the tables.
On February 6, 2000, a news article about the accident appeared in the Boston Globe. The article mentioned that “(m]any of the tables were manufactured by Rol-Fol Company of Van Nuys, Calif., until it was bought in 1991 by Virco Manufacturing Corp., also based in California.” The news story went on to quote an unidentified Virco spokesman, who said that the company discontinued the folding table several years ago but he did not know why. Cahill claims that, during his investigation, an unidentified employee of the City of Malden, the owner of the building and fold-away tables, told him that the tables in question were manufactured by Rol-Fol Company, which was acquired by Virco. No efforts were taken by Advantage or its agents to ascertain the existence of any records in the possession of the City of Malden or any area school that would reveal the identity of the tables’ manufacturer. (Virco’s attorney, Mark A. Pogue (“Attorney Pogue”), later discovered at another Malden school a set of plans indicating that Schieber folding tables had been installed at that school.)
The complaint was filed on November 13, 2000, against defendants Advantage; Metro North Jewish Community Center, Inc., the operator of the day care center attended by the decedent; and Mystic Valley.[1] Advantage was served on November 27, 2000, and answered on December 20, 2000.
On January 5, 2001, D. Robert Holt, P.E. (“Holt”), an engineer engaged by Advantage, inspected an exemplar folding table that originally had been installed *764 at Mystic Valley. He subsequently inspected the actual table involved in the accident. No manufacturer’s labels were found on either table; he noted the name “Schieber” and patent numbers on the latching mechanisms but made no mention of Virco in any of his reports. Mistakenly believing that the name “Schieber” and the patent numbers only pertained to the locking components and not to the entire tables, and being unaware that patent numbers could be accessed at the United States Patent Office through the Internet, Holt took no steps to investigate either the name and/or the numbers. A search of the patent numbers through the Patent Office would have revealed that the folding table in question was manufactured, indeed, by Schieber.
On March 8, 2002, over fifteen months after being served, Advantage moved for leave to file third-party claims against Virco and the City of Malden. The motion was allowed on March 11, 2002. The third-party complaint alleged that “(t]he foldaway table was defectively designed and manufactured by the third-party defendant, Virco.” Six months later, on September 11, 2002, Advantage voluntarily dismissed the third-party claim against Virco after an inspection of the exemplar table at Travelers’ Connecticut storage facility by Attorney Pogue; Virco’s associate corporate counsel, Robert Hupe (“Attorney Hupe”), an engineer with expertise in the manufacture and design of folding tables; and three experts convinced the third-party plaintiff that Schieber, not Virco, had manufactured the table involved in the accident.

Discussion

Under G.L.c. 231, §6F, a party may seek to recover his/her/its reasonable counsel fees and other costs and expenses upon a showing that a claim was “wholly insubstantial, frivolous and not advanced in good faith.” G.L.c. 231, §6F. “Good faith implies an absence of malice, an absence of design to defraud or to seek an unconscionable advantage.” Hahn v. Planning Board of Stoughton, 403 Mass. 332, 337 (1988). The absence of good faith can be found in a party’s knowing or having reason to know that his/her/its claim lacks any substantial factual or legal support. Massachusetts Adventura Travel, Inc. v. Mason, 27 Mass.App.Ct. 293, 297 (1989). The standard to be applied is “neither wholly subjective nor wholly objective.” Id.
This court determines that, in the case at bar, Advantage and its agents knew or should have known that their belief that Virco was the manufacturer of the table in question was not factually sustainable. In the first place, Advantage’s efforts to ascertain the identity of the table’s manufacturer were terribly scant and careless. For over a year, a professional engineer, who presumably is acquainted with the workings of the U. S. Patent Office, and three insurance investigators never bothered to research the patent numbers quickly and easily on the Internet (or through other, more pedestrian means), contact Schieber in Detroit, or obtain plans or other pertinent documentation from the City of Malden. Advantage apparently was satisfied assuming Virco’s involvement from the fleeting, innocuous reference to it in the newspaper article and Schieber’s non-involvement from the appearance of its name “only” on the locking mechanisms.
Furthermore, even if I were to credit Cahill’s assertion that he was told by a City of Malden employee that the tables were manufactured by Virco, the fact that Cahill never has identified the name, position, or basis of knowledge of this employee leads me to accord his allegation no weight. It is entirely possible that the source of this purported employee’s information merely was the Globe article. Thus, Advantage’s identification of Virco as the subject table’s manufacturer was based on pure supposition, not facts. As such, I find Advantage’s contribution cause of action against Virco to be “wholly insubstantial, frivolous and not advanced in good faith,” G.L.c. 231, §6F, because of its utter lack of evidentiary support.
Nevertheless, I do not believe that Virco is entitled to recover its claimed $43,668.25 in attorneys fees, $1,808.54 in fees and disbursements, and $17,884.71 in expert witness fees. If the identification of Schieber as the manufacturer of the folding table in question were so easy, as Virco alleges, then this court questions the necessity of expending so much in counsel fees and the retaining of three experts (a metallurgist, a design specialist, and a school safety expert) to uncover that simple fact and submit an affidavit persuading Advantage of its error. One telephone conversation between Advantage’s counsel and Attorney Pogue could have revealed the discovery of the name “Schieber” and patent numbers on the tables, leading Attorney Pogue to conduct his own speedy Internet investigation. Even allowing, charitably, a visit to Travelers’ Connecticut storage facility by Attorney Pogue and a conference thereafter with Attorney Hupe, an engineer knowledgeable in the manufacture of folding tables, there was no need to involve costly experts at that early stage of the litigation.
Accordingly, after reviewing Attorney Pogue’s supplemental affidavit, the court will award Virco its counsel fees for 25.63 hours at $350 per hour reasonably expended by Attorney Pogue in reviewing and responding initially to the third-party complaint; in his attending a status conference on June 13, 2002; and in conducting an on-site inspection in South Windsor, Connecticut. Another two hours will be allocated for a subsequent conference between Attorneys Pogue and Hupe. In addition, I will allow 6 hours for Attorney Pogue’s drafting, filing, and arguing of a motion for summary judgment in the event that his affidavit did not have the effect of convincing Advantage of its mistake in the absence of the impressive, albeit unnecessarily costly, involvement of Virco’s three experts. Finally, Virco is entitled to recover its $ 1,660.30 in out-of-pocket expenses. In sum, the award shall *765 consist of 31.63 hours expended by Attorney Pogue and one hour by Attorney Hupe, both at $350 per hour, or a total of $11,420.50, plus $1,660.30 in disbursements, for a grand total of $13,080.80.

ORDER

For all the foregoing reasons, the court ALLOWS Virco’s motion to recover costs and expenses pursuant to G.L.c. 231, §6F and AWARDS Virco the sum of $13,080.80 in counsel fees, costs, and expenses as jigainst Advantage.

Almost immediately, on November 17, 2000, Mystic Valley was dismissed voluntarily by the plaintiff.