Agnes, Peter W., J.
1. This case was tried to a jury on August 23, 2004 on a multi-count complaint alleging that the defendants had engaged in gender discrimination and handicap discrimination in violation of G.L.c. 15 IB, and violation of the wages and hours laws. G.L.c. 149, §150. The court allowed a directed finding for the defendants on the handicap discrimination claim. On August 26, 2004, the juiy received the case and returned a verdict for the defendants on the gender discrimination claim and a verdict in the amount of $3,640.00 for the plaintiff on the wages and hours claim. Thereafter, the court received and denied the plaintiffs motion for a new trial.
2. The defendants have filed a motion supported by affidavits and attachments for attorneys fees and costs in the amount of $202,385 pursuant to G.L.c. 231, §6F. This claim rests on the assertion that the plaintiffs case lacked any merit and that she acted in bad faith to litigate her claims because she altered documents to buttress her case. The question is whether the plaintiffs claims were “wholly insubstantial, frivolous, and not advanced in good faith.” G.L.c. 231, §6F. The absence of “good faith,” as required by G.L.c. 231, §6F, requires the court to find that the parly in question had the intent to commit fraud on the court. See Hahn u. Planning Board of Stoughton, *220 403 Mass. 332, 337 (1988). This will most often be evidenced by proof that the party was aware, or through the exercise of reasonable care should have been aware, that its claim was wholly lacking in factual and legal merit. Massachusetts Adventura Travel, Inc. v. Mason, 27 Mass.App.Ct. 293, 297 (1988). In making this determination, this court must focus on the conduct of the party (in this case the plaintiff) in litigation and not during the pretrial stage. Lewis v. Emerson, 391 Mass. 517, 526 (1984). A claim is not without merit, of course, simply because it proves to be insufficient to persuade the finder of fact. Massachusetts Adventura Travel, Inc., supra, at 295.
3. With respect to the discrimination claims, the plaintiffs theory was that she suffered discrimination because her employer perceived that she was pregnant or ill, not because she actually was pregnant or ill. This theoiy was regarded as viable by this court (Fecteau, J.) in denying the defendants’ motion for summary judgment and again by the trial judge (Agnes, J.) in allowing it to go to the jury. Weaknesses in a party’s claim that otherwise is viable do not have the effect of transforming the claim, once it has been rejected by the fact finder, into one that is frivolous and prosecuted in bad faith. Here, the defendants go further and accuse the plaintiff of forgery of documents used to advance her case. If it was established that the plaintiff had forged or altered documents that were used to create a factual dispute or the basis for a legal claim, the defendants would have met their burden of proof under G.L.c. 231, §6F. However, based on a review of the court’s trial notes and the affidavits submitted by the defendants although there is some evidence that this might have occurred, the evidence does not permit this court to make a finding that the plaintiff altered or forged a document or documents that were material to any of the claims she litigated. Even if we assume the plaintiff had access to the medical records and could have altered them, see Affidavit of Michael Michaeles paragraph 15, the remaining evidence (e.g., that neither nurse Alexander nor nurse Beckwith wrote the notes indicating a positive result for pregnancy, and that Jane Iannelli, secretary to plaintiffs Primaiy Care Physician, did not write anote indicating that the plaintiff had suffered a “possible miscarriage, see Michaeles affidavit, supra) does not permit a finding that the plaintiff altered or forged records. There are simply too many unanswered questions to warrant such a finding including the inconclusive results of the handwriting analysis evidence offered by the defendants. It is also important to note that in this case the plaintiff did succeed on one of the two claims she was allowed to present to the juiy. For these reasons, the defendants’ motion for fees and costs under G.L.c. 231, §6F is DENIED.

ORDER

For the above reasons, the defendants’ motion for fees and costs pursuant to G.L.c. 231, §6F is DENIED.