Burnes, J.
This is an action by plaintiffs (hereinafter "Capone”) under G.L.c. 41, §8IBB, to appeal the approval of a definitive subdivision plan off White’s Pond Road in Lancaster, Massachusetts. Capone alleges, the Lancaster Planning Board violated and/or ignored the Subdivision Control Law as well as its own regulations in approving the subdivision plan. The matter is before the court on a motion for summary judgment pursuant to Mass.R.Civ.P. 56, brought by defendants (hereinafter “Benjamin Builders”).[3] For the reasons discussed below, Benjamin Builders’ motion for summary judgment is ALLOWED.
BACKGROUND
The undisputed material facts as established by the summary judgment record are as follows. Capone and the other plaintiffs own parcels of land with frontage on White’s Pond Road, Lancaster, Massachusetts. Benjamin Builders became the record owner of a ten acre parcel of property located on White’s Pond Road (the “Property”), on July 1, 1996. Soon thereafter, in September 1996, Benjamin Builders submitted a subdivision plan (the “Plan”) to the defendants, Planning Board of the Town of Lancaster (the “Planning Board”). The Plan called for the Property to be subdivided into five single family house lots. In accordance with provisions of the Massachusetts Subdivision Control Law (G.L.c. 41, §81K-81GG), as well as Lancaster’s Rules and Regulations Governing the Subdivision of Land (the “Rules and Regulations”), the Planning Board held public hearings on August 5, 1996, October 7, 1996, and October 21, 1996, after which it voted to approve the Plan. A Certificate of Approval of the Plan was subsequently filed with the Lancaster Town Clerk’s Office on October 30, 1996.
Pursuant to G.L.c. 41, §81BB, Capone commenced this action to appeal the Planning Board’s approval of the Plan. Benjamin Builders has moved for summary judgment. Based on the evidence submitted by both parties, and the representations of counsel at the hearing on this motion, the court makes the following determinations accepting what the plaintiffs say is true.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. See Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoted with approval in G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991)). The moving party bears the burden of affirmatively demonstrating the absence of triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the nonmoving party’s case or by demonstrating that the nonmoving party has no reasonable expectation of proving an essential element of his case at trial. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
Capone argues that the Planning Board violated several provisions of the Subdivision Control Law and the Rules and Regulations when it voted its approval of the Plan. The crux of Capone’s argument is that White’s Pond Road provides the only access to the proposed subdivision, and this road is a private way over which Benjamin Builders lacks the right of ingress and egress. Specifically, Capone asserts that if Benjamin Builders “cannot use the road to enter the property, the subdivision has no access and certainly not meaningful access — an issue of critical importance to the planning board.” Capone suggests it is the burden of the subdivision plan proponent, i.e. Benjamin Builders, to prove to the Planning Board, as part of the subdivision plan approval process, that the subdivision will have access to either a public way or that the proponent has rights in an adjoining private way. Because Benjamin Builders did not demonstrate to the Planning Board that it had such access over White’s Pond Road, Capone claims it was a violation of the Subdivision Control Law and the Rules and Regulations, for the Planning Board to approve the Plan. Benjamin Builders dispute Capone’s claim to ownership of White’s Pond Road, and further argues that any ownership disputes fall outside the concern of the Planning Board. The preliminary issue before this court is whether the Planning Board had jurisdiction to consider issues relating to ownership in White’s Pond Road.
1. Jurisdiction of a planning board
Benjamin Builders, in its summary judgment motion, sets forth the general rule that a planning board *649 does not have jurisdiction to adjudicate or resolve property disputes between subdivision project proponents and abutting land owners. Capone recognizes this general rule. However, she contends that an exception arises in instances, like here, when a property issue is relevant to approval of a subdivision plan. In these instances, Capone argues, a planning board has the authority to address and resolve the property ownership issue. Consequently, this court must first determine whether or not the Planning Board violated the Subdivision Control Law when it failed to determine whether Benjamin Builders had ownership rights to White’s Pond Road.
Town planning boards are governed by the Subdivision Control Law, G.L.c. 41, §81K-81GG, which is “a comprehensive statutory scheme designed for the safety, convenience and welfare of the inhabitants of the cities and towns.” Federline v. Planning Bd. of Beverly, 33 Mass.App.Ct. 65, 68 (1992), quoting Costanza & Bertolino, Inc. v. Planning Bd. of N. Reading, 360 Mass. 677, 679 (1971).
It is settled that a principal purpose of the Subdivision Control Law is “to ensure efficient vehicular access to each lot.” Gifford v. Planning Board of Nantucket, 376 Mass. 801, 807 (1978) (statutory requirement providing for access to a way, is based on concerns of access by the fire department and other agencies charged with protecting the public peace, safety and welfare, i.e., “access" as the ability to reach the individual lots).
The Subdivision Control Law sets forth several considerations for a planning board to address in making its determination regarding the feasibility of a proposed subdivision plan. See G.L.c. 41, §81M (1994 ed.). In particular, planning boards may “regulat[e] the laying out and construction of ways in subdivisions providing access to the several lots therein . . .” Id. This section further requires planning boards to consider whether this access is over ways that “will be safe and convenient for travel” with the purpose of “securing safety in the case of fire, flood, panic and other emergencies ...” Id. See Meyer v. Planning Bd. of Westport, 29 Mass.App.Ct. 167, 170 (1990) (“subdivision control . . . compels the construction of ways which, among other things, are safe and convenient for travel and make provision for utilities”).
This is not to say a planning board must concern itself solely with matters within the proposed subdivision. A planning board may consider the effect that an adjacent public way may have on the proposed subdivision. See North Landers Corp. v. Planning Bd. of Falmouth, 382 Mass. 432, 437 (1981) (“[f]actors pertaining to safety, accessibility, or the increased traffic on [an adjacent public road] . . . may be considered where relevant to the requirements of the statute or of local regulations”). Other accessibility concerns, such as road width, and/or suitable grade, and/or adequate construction are properly before the board. See Section 252 of the Rules and Regulations (requiring the Planning Board to consider the surface width, surface type, and grade, when making a determination about the adequacy of access); Rattner v. Planning Bd. of W. Tisbury, 45 Mass.App.Ct. 8, 12 (1998) (planning board has a duty to evaluate the adequacy of certain roads outside the proposed subdivision that are to be used for access to the subdivision). Compare United Reis Homes, Inc. v. Planning Bd. of Natick, 359 Mass. 621, 625 (1971) (planning board is to comply with reasonable conditions recommended by the board of health relating to drainage from adjacent parcels of land); Rounds v. Board of Water & Sewer Comm’rs. of Wilmington, 347 Mass. 40, 46-47 (1964) (consideration of adequacy of water pipes coming from outside the proposed subdivision is not beyond the proper scope of inquiry of the planning board in connection with approval of a subdivision plan). At the same time, there is no indication that a planning board may disapprove a subdivision plan on the sole ground of the inadequacy of an adjoining public way or water supply. See Fairbairn v. Planning Bd. of Barnstable, 5 Mass.App.Ct. 171, 178 (1977), and cases cited; Miles v. Planning Bd. of Millbury, 29 Mass.App.Ct. 951, 953 (1990).
From the statutory language and the foregoing body of case law it is clear that a planning board’s concern with access focuses on congestion and safely concerns from potentially dangerous conditions on roadways and land adjacent to a proposed subdivision. See Rattner v. Planning Bd. of W. Tisbury, supra at 11; see also Fairbairn v. Planning Bd. of Barnstable, supra at 179.
A planning board may address, not settle, property disputes in limited circumstances. Property disputes are addressed in limited circumstances when a planning board regulation requires the subdivision applicant be the owner or his agent, and that a subdivision plan identify the record owner(s) of the site. See Silva v. Planning Bd. of Somerset, 34 Mass.App.Ct. 339, 341 (1993), and cases cited. Here, the Rules and Regulations direct the Planning Board to inquire into ownership only to the extent necessary to determine whether •defendant, as applicant, was “the owner of all the land included in the proposed subdivision; or the owner’s agent or representative, or his assigns.” Section 21, Rules and Regulations. Neither party disputes that Benjamin Builders owned the Property described in the Plan. The Planning Board carried out its duties under the Rules and Regulations when it addressed whether Benjamin Builders was the Property owner, without settling the dispute between the parties over ownership of White’s Pond Road.
This court is unable to find any authority to support Capone’s claim that a proponent of a subdivision has the burden of proving “meaningful access to a way.” There is no authority to suggest a planning board may resolve the issues of property ownership. On the con *650 traiy, “the planning board is not authorized to determine the extent of easements or to settle other property disputes.” Hahn v. Planning Bd. of Stoughton, 24 Mass.App.Ct. 553, 555 (1987). To suggest otherwise, would be to suggest that planning boards have jurisdiction over property disputes. The legislature did not intend for town planning boards to become embroiled in property disputes between landowners. Such disputes fall under the jurisdiction of either the Land Court or the Superior Court. See G.L.c. 185, §1 (1991 ed.); G.L.c. 212, §4 (1989 ed.).
From the foregoing it is clear that a planning board’s determination with regard to subdivision lot “access” is based on concerns with the safety and general welfare of potential subdivision dwellers. Concerns of ownership, as opposed to concerns of accessibility, of roadways leading into the subdivision, fall outside the scope of review for the planning board. Contrary to the argument put forth by Capone, the issue before a planning board is not the right of access, but rather adequacy of access.
The Planning Board’s conclusion that the Plan provides adequate access to the subdivision lots does not violate either the Subdivision Control Law or the Rules and Regulations. There is no authority to suggest a subdivision plan proponent, such as Benjamin Builders, has the burden to demonstrate ownership interest in the road(s) used to access the subdivision. As such, Capone has no reasonable expectation of proving an essential element of her case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
2. The Planning Board’s Decision
Capone further argues that summary judgment is improper because there remain factual questions about whether the Planning Board erred when it approved the Plan. Capone contends the Planning Board violated six different provisions of the Rules and Regulations. Benjamin Builders, on the other hand, supports the decision by the Planning Board, citing the language of the Rules and Regulations, as well as the evidence presented to the Planning Board. After consideration of the evidence, this court finds there are no genuine issues of material fact as to whether the Planning Board violated its Rules and Regulations. The evidence, taken in the light most favorable to Capone, demonstrates that no violation occurred when the Plan was approved.
A. Adequacy of Access
Capone argues that approval of the Plan violates the Planning Board’s Rules and Regulations regarding access. With regard to access, Section 252, of the Rules and Regulations provide:
Streets within a subdivision shall be considered to provide adequate access if and only if complying with the standards established in this Regulation. Ways providing access to the streets within a subdivision or providing access to lots said not to be within a subdivision shall normally be considered adequate only if there is assurance that prior to construction on any lots, access will be in compliance with the following:
Development Minimum right-
Potentiallv Served of-wav width
12 or fewer
dwellings 33 feet
13-49
dwellings 40 feet
More units
or businesses 50 feet
Capone asserts the number of dwelling units is greater than twelve and that according to the above chart, White’s Pond Road must have a minimum width of 40 feet. In making the determination that there are more than twelve dwelling units, Capone includes the units currently built along White’s Pond Road (eighteen) , along with those proposed in the Plan (five). This determination is wrong. The plain language of the Rules and Regulations indicate in the above chart that the Planning Board is to consider access to the “development potentially served.” The use of the word “potentially” in Section 252 necessarily suggests the number of dwelling units are to be determined with relation to the development not yet built.
Here, the “development potentially served” is White’s Pond Road Extension Subdivision. The development consists of five dwelling units along the newly proposed subdivision road entitled "White’s Pond Road Extension.” Accordingly, Regulation 252 requires the Plan demonstrate access to the subdivision by a right-of-way having a minimum width of 33 feet. It is undisputed that White’s Pond Road Extension has a minimum right-of-way of 38 feet. As a consequence, according to the requirements of Regulation 252, White’s Pond Road Extension provides adequate access to the proposed subdivision lots. There is no dispute that the Planning Board properly interpreted the Rules and Regulations with regard to the Plan.
B. Requirements of a “lane”
Capone makes the further argument that the Planning Board erred when it imposed on Benjamin Builders the condition that the White’s Pond Road Extension “shall satisfy requirements of a Lane.” Section 21 of the Rules and Regulations defines a “lane” as “a street which carries traffic equivalent to that generated by 12 or fewer dwelling units which has no abutting property either used or zoned for commerce or industry and which is not capable of extension.” Capone alleges this condition cannot be met because the road cannot meet the definition of a “lane” for two reasons.
Capone’s argument is premised on the assumption that the “roadway” that is the subject matter of the Certificate of Approval is White’s Pond Road, and that this “roadway” already has 18 units, i.e., sixmore than allowed on a lane. Again, Capone makes the mistake *651 of confusing White’s Pond Road with White’s Pond Road Extension. A review of the Certificate of Approval demonstrates that the Planning Board addressed conditions of the latter, i.e., White’s Pond Road Extension. On the facts presented to the court, there is no dispute that the contemplated subdivision contains only five dwelling units. Consequently, White’s Pond Road Extension clearly would carry traffic equivalent to that “generated by 12 or fewer dwelling units” as required for a “lane."
Capone further claims that the “roadway” can be extended and therefore fails to meet another essential requirement of a “lane." This argument, like the preceding, shows Capone’s confusion as to which road the Planning Board considered when approving the Plan. The Planning Board clearly referred to White’s Pond Road Extension in its Certificate Approval, and not White’s Pond Road. The Plan demonstrates that the cul-de-sac at the end of White’s Pond Road Extension will be closed off with a 38.36 foot strip of land abutting the land of the owner of the property on that end of the cul-de-sac. Because the minimum street width for a “lane” is 40 feet, it is impossible for White’s Pond Road Extension to be extended since its maximum width (i.e., 38.36 feet) is less than the minimum width required of a “lane” (i.e., 40 feet).
From the foregoing, there is no indication from the facts presented to this court that White’s Pond Road Extension will not conform to the requirements of a “lane,” and so the Planning Board’s decision to approve the Plan with this qualification does not violate the Rules and Regulations.
C.Absence of certification from Leominster
Capone further argues that the Planning Board violated the Rules and Regulations when it approved the Plan without certification from Leominster authorities. Section 429 of the Rules and Regulations, provides, in pertinent part, “(i]n instances where access to a subdivision is proposed to cross land in another municipality, the applicant shall provide the Board with certification from appropriate authorities in that municipality that such access is in accordance with the subdivision regulations in such municipality ...” (emphasis supplied).
Capone claims that access to the premises requires travel through the Town of Leominster, and that Benjamin Builders has failed to produce evidence of certification from Leominster. Capone asserts the beginning of the dead end street (i.e., White’s Pond Road) is at White Street Extension and Mechanic Street, both of which are located in Leominster.
Both the Property and White’s Pond Road are located in the town of Lancaster, and there is no indication that Benjamin Builders has “proposed” to cross any land in Leominster. These streets have always been used to access White’s Pond Road, and at the time the Plan was submitted to the Planning Board, were existing streets in Leominster. Therefore, Benjamin Builders’ proposal to access the subdivision via White’s Pond Road does not suggest use that is inconsistent with current use of the road. Accordingly, the Planning Board did not violate Section 429 of its Rules and Regulations by approving the Plan without certification from Leominster.
D.Construction on adjoining property
Capone contends that the Planning Board violated the Rules and Regulations by conditioning the Plan’s approval on another qualification that is impossible to satisfy. Specifically, the Planning Board’s fourth qualification to the Plan’s approval is that “(n]o work on the adjoining property shall be completed without prior written approval of the owner of that properly.” Capone claims Benjamin Builders cannot satisfy this qualification because the adjoining property owner absolutely refuses to allow defendant to work on his property. Taking this claim as true, Capone has failed to present any evidence that access to the adjoining property is essential or even relied upon by Benjamin Builders to complete construction of the subdivision. In fact, Benjamin Builders does not dispute the adjoining property owner’s refusal to permit Benjamin Builders on his property. Rather, it does not intend to perform work on the adjoining property.
The Planning Board’s qualification does not bar Benjamin Builders’ ability to construct the subdivision, because there is no indication that Benjamin Builders will need to obtain written approval from the adjoining property owner. Consequently, the qualification does not make the Plan’s approval a violation of the Rules and Regulations.
E.Opinion of Town Counsel
Capone argues that the Planning Board violated the Rules and Regulations by approving the Plan without satisfying another condition in the Certificate of Approval. Capone suggests that the Plan’s approval was conditioned, in part, upon town counsel’s opinion about (1) the status of the road; and, (2) whether White’s Pond Road was adequate to support the proposed subdivision. Capone claims that because Town Counsel’s opinion was inconclusive with regard to the two above issues, that the Planning Board should not have approved the Plan. Benjamin Builders contends the Planning Board was not bound by this opinion and that the opinion was merely one of many factors that the Planning Board considered in assessing the feasibility of the Plan.
The Certificate of Approval recites that the Planning Board’s unanimous vote on October 7,1996 approving the Plan was “conditioned by the pending opinion of Town Counsel that Whites [sic] Pond Road is deemed adequate to support the proposed subdivision and that the status of the road is determined.” While the “conditioned by” language suggests the Planning Board intended to consider the pending opinion when *652 making its final vote on the Plan, it does not indicate the Planning Board was bound by the terms of the opinion.
A decision to approve a subdivision plan is within the province of a planning board, provided the decision conforms to its rules and regulations and to the recommendation of the board of health. See G.L.c. 41, §81M. A planning board is neither required to heed advice of town counsel, nor is it required to solicit such advice. Any advice offered by town counsel is just that — advice.
A review of the Planning Board’s minutes from its October 21, 1996 meeting clearly demonstrates the Planning Board received the opinion letter of Town Counsel, reviewed and discussed it, and then rejected its conclusions by voting to approve the Plan. The Planning Board was not obligated to follow the opinion of the Town Counsel, and so the action taken here by the Planning Board does not violate the Rules and Regulations.
F. Storm Water Drainage
Capone’s final argument is that the Planning Board violated its Rules and Regulations by failing to address issues pertaining to storm water damage from the Property. A review of the Planning Board’s minutes reveals that this is not the case as the issue of storm water drainage was discussed and addressed by the Planning Board on a number of occasions. On this issue, it is clear that the Planning Board fully complied with its Rules and Regulations.
From the foregoing it is clear there is no genuine issue of material fact to dispute the adequacy of the Planning Board’s decision. Consequently, Benjamin Builders’ motion for summary judgment should be granted.
ORDER[4]
For the foregoing reasons, it is hereby ORDERED defendants’ motion for summary judgment be ALLOWED. The decision of the Lancaster Planning Board is AFFIRMED

The Planning Board for the Town of Lancaster and its individual members also have been named as defendants. This motion was brought by all of the defendants in this action except the Planning Board and its individual members.

Capone sued the Lancaster Planning Board, presumably so there would be an order enforceable against the Planning Board if Capone was successful. Summary judgment, having been entered against Capone, may be entered on behalf of all defendants, despite the fact that the Planning Board did not join the motion.